FOURTH DIVISION

FILED: 11/25/98

No.  1-97-3625

BONITA CAMMON, Special Administrator ) APPEAL FROM THE

of the Estate of EDDIE CAMMON, Deceased,) CIRCUIT COURT OF

) COOK COUNTY

Plaintiff-Appellant, )

                                        )

v. )

)

WEST SUBURBAN HOSPITAL MEDICAL CENTER,  )

)

Defendant-Appellee, )

)

and )

)

MARK TOMERA, ) HONORABLE

) SOPHIA H. HALL,

Defendant. ) PRESIDING JUDGE.

JUSTICE HOFFMAN delivered the opinion of the court:    

     The plaintiff, Bonita Cammon, special administrator of the estate of Eddie Cammon, deceased, appeals from an order of the circuit court dismissing counts III, IV, and V of her amended complaint against the defendant, West Suburban Hospital Medical Center (West Suburban).  For the reason which follow, we: 1) affirm in part and reverse in part the dismissal of counts III and IV; 2) reverse the dismissal of count V; and 3) remand the case to the circuit court for further proceedings.

The facts necessary to our resolution of this appeal are not in dispute.  Eddie Cammon (Cammon) suffered from renal disease and malig­nant hypertension.  He was admitted to West Suburban for treatment on June 19, 1992, after experiencing abdominal pain.  Upon admission, it was determined that Cammon's peritoneal catheter was not functioning.  On July 2, 1992, Dr. Mark Tomera removed the catheter, but Cammon's abdominal pain increased after the procedure.  CT scans were performed on July 7, 8, and 9, 1992.  Drs. Reza Lofti, Julio Rossi, and Regina Liebman, all radiol­ogists, interpreted the scans as revealing the presence of an abdominal abscess.  On July 10, 1992, Tomera performed an ex­ploratory laparotomy which revealed the presence of an inter­-abdominal hematoma, not an abscess.  Within hours of that sur­gery, Cammon experienced sudden cardiopulmonary arrest.  He died on July 11, 1992.

On January 24, 1994, the plaintiff filed the instant action.  In her eight-count original complaint, she sought recovery against Tomera, Lofti, Rossi, Liebman, and West Suburban.  Counts I and II of the plaintiff's original complaint charged Tomera with negligence in his per­formance of the surgeries on July 2 and 10, 1992; his misdiagnosis of the inter-abdom­inal hematoma; his failure to order timely CT scans; and his failure to achieve adequate hemostasis following the exploratory laparotomy.  Counts III through VIII of that complaint were directed against Lofti, Rossi, Liebman, and West Suburban.  The plaintiff charged that Lofti, Rossi, and Liebman were negligent in that they misinterpreted the CT scans and that West Suburban was vicariously liable for their negligent conduct.  The plaintiff attached to her original complaint the report of a health care professional as required by section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-

622 (West 1996)).

Liebman filed a motion for summary judgment on May 7, 1997.  On May 14, 1997, prior to a hearing on Liebman's motion, the plaintiff voluntarily dismissed her claims against Lofti, Rossi, and Liebman.  The counts against Tomera and West Suburban remained pending.  On May 27, 1997, West Suburban moved for summary judgment on all claims pending against it.  The plaintiff did not respond to that motion, instead moving for leave to file an amended complaint.  On June 11, 1997, the circuit court granted the plaintiff's motion, and she filed her amended com­plaint that same day.

Counts I and II of the plaintiff's amended complaint set forth claims against Tomera which are still pending and are not the subject of this appeal.  Counts III, IV, and V of the plaintiff's amended complaint were directed solely against West Suburban.  Count III, a survival action, and count IV, a wrongful death action, were based on the same allegations of negligence.  Unlike the counts directed against West Suburban in the plaintiff's original complaint, however, neither of these counts sought recovery for the conduct of Lofti, Rossi, and Liebman.  Rather, the claims asserted in counts III and IV of the amended complaint were based on West Suburban's alleged vicarious liability for the acts and omis­sions of unnamed nurses, residents, medical technicians, anes­thesiologists, and other health care profession­als in failing to: (1) achieve adequate hemostasis following the exploratory laparotomy; (2) properly monitor Cammon during and after the explor­atory laparotomy; (3) recognize the effects of Dilaudid on Cammon; (4) order or administer the proper dosage of Dilaudid; (5) monitor the adminis­tration of Dilaudid; and (6) properly treat Cammon to reverse the effects of excessive doses of Dilaudid.

Count V of the plain­tiff's amended complaint was a negligence action against West Suburban for spoliation of evi­dence (hereinafter referred to as the "spoliation claim").  In that count, the plaintiff alleged that West Suburban breached its duty to preserve the operative report for the exploratory laparotomy performed on July 10, 1992, thereby prejudicing her claims against Tomera and West Suburban.

On July 2, 1997, West Suburban filed a motion, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 1996)), seeking the involuntary dismissal of counts III, IV, and V of the plain­

tiff's amended complaint.  West Subur­ban asserted that: 1) all three counts were time-barred pursuant to the four-year statute of repose set forth in section 13-212(a) of the Code (735 ILCS 5/13-

212(a) (West 1996)); and 2) the plaintiff had failed to comply with the affidavit and health care professional report requirements of section 2-622 of the Code (735 ILCS 5/2-622 (West 1996)).  A plaintiff's failure to comply with the requirements of these two Code sections is the basis for dismissal under sections 2-619(a)(5) and 2-619(a)(9) of the Code respectively.  735 ILCS 5/2-

619(a)(5),(9) (West 1996).

On August 25, 1997, the circuit court granted West Suburban's motion on both 2-619(a)(5) and (9) grounds, and dismissed counts III, IV, and V of the plaintiff's amended complaint.  The circuit court inserted in its dismissal order the requisite findings of finality and appeal­ability as set forth in Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), and this appeal followed.

As the counts in issue were dismissed in response to a motion for involuntary dismissal pursuant to section 2-619 of the Code, our review is 
de
 
novo
.  
Kedzie & 103rd Cur­rency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 116, 619 N.E.2d 732 (1993).

The parties do not dispute that the claims asserted against West Suburban in counts III and IV of the plaintiff's amended complaint are based on allegations of medical negligence, making them subject to the provisions of sections 13-212(a) and 2-622 of the Code.  There is, however, a dispute regarding the applicability of those Code sections to count V.  Consequently, we will address the propriety of the dismissal of counts III and IV before turning our atten­tion to the dismissal of count V.

The plaintiff's original and amended complaints were filed on January 24, 1994, and June 11, 1997, respectively.  Under section 13-212(a) of the Code, an action seeking damages for injury or death resulting from patient care cannot be brought more than two years after the date on which the plaintiff knew or should have known of the injury or death and, in no event, more than four years past the date on which the act or omission alleged to have caused the injury or death occurred.  735 ILCS 5/13-212(a) (West 1996).  West Suburban argues that counts III and IV of the amended complaint are time-barred as they were filed more than four years after Cammon's death, which occurred on July 11, 1992.  The plain­

tiff, relying on the provisions of section 2-616(b) of the Code (735 ILCS 5/2-616(b) (West 1996)), contends that the claims are not time-barred as the filing of her amended complaint relates back to the date she filed her original complaint.

Section 2-616(b) of the Code allows the filing of an amended pleading to relate back to the date of the original pleading if the original pleading was timely filed and if the causes of action asserted in the amended pleading grew out of the same transaction or occurrence as was set up in the original pleading.  735 ILCS 5/2-616(b)(West 1996); 
Zeh v. Wheeler
, 111 Ill. 2d 266, 270-71, 489 N.E.2d 1342 (1986).  There is no question that the plaintiff's original complaint was filed within the applicable two-year limitations period set forth in section 13-212(a) of the Code.  Our analysis will focus on the question of whether the claims asserted against West Suburban in counts III and IV of the plaintiff's amended complaint grew out of the same transaction or occurrence that was set up in her original complaint.

The plaintiff takes the position that the transaction or occurrence set out in her original complaint encompasses the entire course of treatment rendered to Cammon from his admis­sion to West Suburban until his death.  She acknowledges that the specific allegations of negligence in counts III and IV of her amended complaint differ from those set forth in her original complaint.  However, relying upon 
Figueroa v. Illinois Masonic Medical Center
, 288 Ill. App. 3d 921, 681 N.E.2d 64 (1997), the plaintiff argues that the claims in both complaints nevertheless grew out of the same transaction or occurrence because the original complaint put West Suburban "on notice that it was being held responsible for negligence leading to the death of Eddie Cammon during his care and treatment while a patient in the hospital."  Therefore, the plaintiff concludes, the trial court erred in dismissing as time-

barred counts III and IV of her amended complaint.

West Suburban posits that, since the claims asserted against it in the plaintiff's original complaint were premised solely on the acts of three named radiologists in misreading Cammon's CT scans, the transaction or occurrence set up in the plaintiff's original complaint for purposes of applying section 2-616(b) of the Code should be restricted to Cammon's preoperative radiolog­ical care.  West Suburban argues that, prior to the expiration of the four-year repose period, it was never supplied with the information necessary to defend against the claims asserted in counts III and IV of the amended complaint (see 
Flynn v. Szwed
, 224 Ill. App. 3d 107, 112-14, 586 N.E.2d 539 (1991)) and that the claims set out in those counts could not be sustained by the proofs necessary to sustain the allega­tions contained in the original complaint (see 
Weber v. Cueto
, 253 Ill. App. 3d 509, 516-17, 624 N.E.2d 442 (1993)).  These con­ten­tions lead West Suburban to conclude that the claims pled in counts III and IV of the plaintiff's amended complaint do not grow out of the same transaction or occurrence set forth in her original complaint and that they are, therefore, time-

barred as they were not filed before the expiration of the applicable statute of repose.

We find West Suburban's analysis too restrictive and the plaintiff's analysis too encompassing.  Neither position ade­quately harmonizes the respective purposes of the four-year statute of repose set forth in section 13-212(a) of the Code and the relation back doctrine embodied in section 2-616(b).

Statutes of limitation are designed to eliminate prejudice by allowing a defendant an opportunity to investigate the facts upon which its liability is based while those facts are still acces­

sible.  
Boatmen's National Bank v. Direct Lines, Inc.
, 167 Ill. 2d 88, 102, 656 N.E.2d 1101 (1995); 
Wolf v. Dominick's Finer Foods, Inc.
, 282 Ill. App. 3d 546, 551, 668 N.E.2d 207 (1996).  Statutes of repose further this end by placing an outer limit on the time within which a claim may be asserted, thereby circum­scribing the  " 'long tail' " exposure to liability that may result from the application of the discovery rule.  See 
Anderson v. Wagner
, 79 Ill. 2d 295, 312, 402 N.E.2d 560 (1979).

The purpose of the relation back provision of section 2-616(b) of the Code is to insure fairness to the litigants and to preserve causes of action against loss by application of technical rules of pleading.  
Boatman's National Bank
, 167 Ill. 2d at 102; 
Halberstadt v. Harris Trust & Savings Bank
, 55 Ill. 2d 121, 124-25, 302 N.E.2d 64 (1973).  The rationale behind the same transaction or occurrence rule set forth in section 2-616(b) "is that a defendant will not be prejudiced by an amendment so long as 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' [Citation.]"  
Boatman's National Bank
, 167 Ill. 2d at 102.  In allowing the filing of certain amended pleadings to relate back to the date the original pleadings were filed, thereby avoiding the effect of a limiting statute, "the legislature struck a balance between a preference for resolving disputes on their merits and preventing surprise or prejudice to a party resulting from a lack of notice of the conduct or condition upon which liability is asserted against him."  
Yette v. Casey's General Stores, Inc.
, 263 Ill. App. 3d 422, 425, 635 N.E.2d 1091 (1994).

In determining whether the relation back doctrine should be applied, we must focus not on the identity of the causes of action asserted in the original and amended complaint but rather on the identity of the transaction or occurrence on which the causes of action are based.  
Zeh
, 111 Ill. 2d at 272-73; 
Weber
, 253 Ill. App. 3d at 516.  We take this approach because "if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on."  
Zeh
, 111 Ill. 2d at 279.  Central to our inquiry is the question of whether the record reveals that the defendant was on notice, before the expiration of the statu­tory time period, of the facts upon which the claim set out in the amended complaint is based.  
Wolf v. Meister-Neiberg, Inc.
, 143 Ill. 2d 44, 46-48, 570 N.E.2d 327 (1991).

The factual allegations which form the basis of the negligence claims asserted against West Suburban in counts III and IV of the plaintiff's amended complaint are found in paragraph 6 of each count.  The identical allegations read as follows:

"6.  The defendant WEST SUBURBAN MEDICAL CENTER, individually or through its duly authorized actual or apparent agents or employees, was guilty of one or more of the following careless and negligent acts or omis­sions in the examination, treatment or diagnosis of the plaintiff's decedent:

(a)  Failed to achieve adequate hemostasis following an exploratory laparotomy performed because of the suspected presence of an abscess;

(b)  Failed to properly monitor Mr. Cammon during and following the exploratory laparotomy to adequately assess his condition and his respira­tory status;

(c)  Failed to recognize the effects of Dilaudid on Mr. Cammon knowing his kidney condi­tion;

(d)  Failed to order the proper dosage of Dilaudid for Mr. Cammon;

(e)  Failed to monitor the administration of Dilaudid to Mr. Cammon;

(f)  Allowed for excessive doses of Dilaudid to be administered to Mr. Cammon; and or

(g)  Failed to properly treat Mr. Cammon to reverse the effects of the excessive doses of Dilaudid."

Nothing in either the original complaint or the record even remotely suggests that, prior to the filing of the plaintiff's amended complaint, she was asserting that Cammon's injury or death was the result of an inappropriate administration of Dilaudid, a failure to monitor or reverse the effects of that drug, or a failure to monitor Cammon's respiratory status during and following the exploratory laparotomy.  Therefore, West Suburban was not placed on notice, prior to the passage of the statute of repose, that the plaintiff was claiming the effects of Dilaudid upon Cammon or a failure to monitor his respiratory status in any way contributed to his injury or death.  The same cannot be said, however, of the plaintiff's claim that Cammon's injury and death resulted from a failure to achieve adequate hemostasis following the exploratory laparotomy.

     Counts I and II of the plaintiff's original complaint charged Tomera with negligence for failing to achieve adequate hemostasis following the exploratory laparotomy.  Further, the health care professional whose report was attached to the plaintiff's original complaint opined that, following the laparotomy, Cammon's abdomen was closed before adequate hemostasis had been achieved and that postoperative bleeding was the proximate cause of Cammon's death. According to the report, the health care professional reviewed West Suburban's own records before reaching this conclusion.  Here, as in 
Zeh
, the negligence alleged against West Suburban in counts III and IV of the amended complaint involves different conduct by different persons than was alleged in support of the claims asserted against West Suburban in the original complaint.  See 
Zeh
, 111 Ill. 2d at 275.  However, it is clear from the record before us that West Suburban has been on notice from the very outset of this litigation, prior to the passage of the applicable time limitation, that the plaintiff was claiming that a failure to achieve adequate hemostasis following the exploratory laparotomy was a proximate cause of Cammon's injury and subsequent death.  Therefore, the relation-back provision of section 2-616(b) is triggered as to this particular charge of negligence.  See 
Wolf
, 143 Ill. 2d at 47.

We conclude that the claims against West Suburban predicated on the negligent conduct alleged in paragraphs 6(a) of counts III and IV of the plaintiff's amended complaint relate back to the filing of her original complaint and are not barred by the four-

year statute of repose set forth in section 13-212(a) of the Code.  For the reasons stated above, though, the claims predicated upon the allegations of negligence set forth in paragraphs 6(b) through (g) of these counts do not relate back to the filing of the original complaint and are time-barred.

Having determined that the claims asserting West Suburban is vicariously liable for the failure of various unnamed health care professionals to achieve adequate hemostasis following the exploratory laparotomy are not time-barred, we must next determine whether these claims were properly dismissed by reason of the plaintiff's failure to comply with section 2-622 of the Code.

Section 2-622 of the Code requires that the plaintiff in a medical malpractice action must supplement her complaint with: 1) an affidavit, her attorney's or her own if proceeding 
pro
 
se
, certifying that the affiant consulted with a qualified health care professional in whose opinion there is a reasonable and merito­rious cause for the filing of the action; and 2) a copy of that health professional's written report setting forth the reasons for his determination.  735 ILCS 5/2-622(a)(1) (West 1994); 
McCastle v. Mitchell B. Sheinkop, M.D., Ltd.
, 121 Ill. 2d 188, 190, 520 N.E.2d 293 (1987).  In the event that multiple defen­dants are named in a single medical malpractice action, the statute requires that a separate report shall be filed as to each defendant.  735 ILCS 5/2-

622(b) (West 1994).  A single report, however, may suffice as to multiple defendants if the report is sufficiently broad, adequately discussing the deficien­cies in the medical care rendered by each defendant and containing reasons in support of the conclusion that a reasonable and meritorious cause exists for filing an action against each defendant.  
Comfort v. Wheaton Family Practice
, 229 Ill. App. 3d 828, 832, 594 N.E.2d 381 (1992); 
Premo v. Falcone
, 197 Ill. App. 3d 625, 632, 554 N.E.2d 1071 (1990);  
Hagood v. O'Conner
, 165 Ill. App. 3d 367, 373-74, 519 N.E.2d 66 (1988).   No report need be filed as to any defendant whose claimed liability is wholly vicarious provided that a report in compliance with section 2-622 has been filed as to the individuals whose conduct forms the basis of the vicarious liability.  
Comfort
, 229 Ill. App. 3d at 833-34.

Section 2-622(g) of the Code provides that a plaintiff's failure to comply with the pleading requirements of section 2-

622(a)(1) shall be "grounds for dismissal under section 2-619."  735 ILCS 5-2-622(g) (West 1994).  Section 2-622(g) does not, however, mandate that such a dismissal be with prejudice.  
McCastle
, 121 Ill. 2d at 192-93.

In this case, the plaintiff attached to her original complaint a health care professional's report which complied fully with the requirements of section 2-622.  The report adequately discussed the deficien­cies in the medical care ren­dered by Tomera, Lofti, Rossi, and Liebman and contained reasons in support of the conclusion that a reasonable and meritorious cause existed for the filing of an action against each of them.  This report also met the requirements of section 2-622 with respect to claims asserted against West Suburban which were predicated solely upon its alleged vicarious liability for the conduct of Lofti, Rossi, and Liebman.

When the plaintiff dismissed her claims against Lofti, Rossi, and Liebman and filed her amended complaint, though, she omitted any claims against West Suburban predicated upon the conduct of those doctors.  Counts III and IV of the plaintiff's amended complaint, which asserted instead that West Suburban was vicariously liable for the claimed negligence of unnamed nurses, residents, medical technicians, anesthesiologists, and other health care professionals, were left unsupported by an affidavit or health care professional's report as mandated by section 2-622.  The section 2-622 report filed by the plaintiff did not discuss deficiencies in the medical care rendered by these unnamed individuals or support a conclusion that a reasonable and meritorious cause existed for the filing of an action against West Suburban by reason of their conduct.  Consequently, West Suburban is correct in its assertion that counts III and IV of the plaintiff's amended complaint were not filed in compliance with the requirements of section 2-622.  However, our finding in this regard does not equate to a finding that those counts were properly dismissed with prejudice.

"Section 2-622 is a pleading requirement designed to reduce frivolous lawsuits, not a substantive defense which may be employed to bar plaintiffs who fail to meet its terms."  
Steinberg v. Dunseth
, 276 Ill. App. 3d 1038, 1042, 658 N.E.2d 1239 (1995); see also 
McCastle
, 121 Ill. 2d at 193.  Accordingly, the statute should be liberally construed and not mechanically applied to deprive a plaintiff of her substantive rights.  
Apa v. Rotman
, 288 Ill. App. 3d 585, 589, 680 N.E.2d 801 (1997).  The plaintiff in a medical malpractice action should be allowed every reasonable opportunity to establish her case.  
Steinberg
, 276 Ill. App. 3d at 1042; 
Peterson v. Hinsdale Hospital
, 233 Ill. App. 3d 327, 332, 599 N.E.2d 84 (1992).

The decision as to whether an action should be dismissed by reason of the plaintiff's failure to comply with the requirements of section 2-622 is a matter committed to the discretion of the trial court.  
McCastle
, 121 Ill. 2d at 193.  When, as in this case, a plaintiff fails to attach the requisite affidavit and health care professional's report to a complaint based on medical malpractice, a sound exercise of discretion mandates that she be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.  
Apa
, 288 Ill. App. 3d at 589-90.

Based upon the foregoing analysis, we: affirm the dismissal of counts III and IV of the plaintiff's amended complaint to the extent that those counts are based upon the allegations of negligence set forth in paragraphs 6 (b) through (g), inclusive; reverse the dismissal of counts III and IV of the plaintiff's amended complaint to the extent that those counts are based upon negligence in failing to achieve adequate hemostasis following the exploratory laparotomy as alleged in paragraphs 6(a); and direct the circuit court on remand to afford the plaintiff a reasonable opportunity to amend counts III and IV to comply with the requirements of section 2-622 of the Code.

Next, we address the dismissal of count V of the plaintiff's amended complaint.  The plaintiff argues that the trial court erred in applying either the repose period contained in section 13-212(a) of the Code or the certificate of merit re­quirement of section 2-

622 of the Code to her spoliation claim.  We agree.

The two-year limitations period and four-year repose period found in section 13-212(a) of the Code are applicable to all actions seeking "damages for injury or death against any physician, dentist, registered nurse or hospital ***, whether based upon tort, or breach of contract, or otherwise, 
arising out of patient care
 ***."  (Emphasis added.)  735 ILCS 5/13-212(a) (West 1996).  By its very terms, section 13-212(a) applies only to actions for damages arising out of patient care.  "The phrase 'arising out of' is broad and generally means 'originating from,' 'growing out of,' or 'flowing from.' "  
Miller v. Tobin
, 186 Ill. App. 3d 175, 177, 542 N.E.2d 173 (1989).

The breach of duty necessary to support a medical negligence action is the defendant's deviation from the proper medical standard of patient care.  
Borowski v. Von Solbrig
, 60 Ill. 2d 418, 423, 328 N.E.2d 301 (1975).  The damages suffered in such an action arise out of inappropriate patient care.  By contrast, a negligence action for spoliation of evidence is predicated upon a breach of duty to preserve evidence.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 195, 652 N.E.2d 267 (1995).  Although the plaintiff in an action alleging the negligent destruction of evidence resulting in an inability to prove a cause of action for medical negligence must prove the merits of the underlying medical negligence claim (see 
Boyd
, 166 Ill. 2d at 197-98), the fact remains that the damages suffered by the plaintiff in such a case arise from the defendant's destruction of evidence, not the breach of a medical standard of patient care.

The damages sought by the plaintiff in count V of her amended complaint arise as a consequence of West Suburban's alleged breach of a duty to preserve evidence and not as the result of its breach of any medical standard of care owed to Cammon.  Consequently, the time limitation for the commencement of the action is not governed by the provisions of section 13-212(a) of the Code.  The limitations period for the commence­ment of a negligence action for spoliation of evidence is not otherwise provided for by statute and is, therefore, governed by the five-year limitation period set forth in section 13-205 of the Code (735 ILCS 5/13-205 (West 1996)).  Even assuming that West Suburban lost or destroyed the operative report of Cammon's exploratory laparotomy on July 10, 1992, the day of the surgery, the filing of count V of the plaintiff's amended complaint on June 11, 1997, was within the five-year statute of limitations.

As an alternative ground for the dismissal of count V, West Suburban argued that the plaintiff failed to file the requisite affidavit and health care professional report required by section 2-622 of the Code.  In 
Jackson v. Michael Reese Hospital & Medical Center
, 294 Ill. App. 3d 1, 689 N.E.2d 205 (1997), this court was faced with the issue of whether a plain­tiff in an action for negligent spoliation of evidence resulting in the loss of an action for medical negligence was required to comply with the provisions of section 2-622.  After an exhaustive analysis of both the language and purpose of section 2-622, it was determined that the statute was inapplica­ble to a spoliation claim.  
Jackson
, 294 Ill. App. 3d at 6-9.  We have reviewed the opinion in 
Jackson
 and find no reason to deviate from its reasoning or holding on this issue.

Because count V of the plaintiff's amended complaint was filed within the applicable five-year limitations period and section 2-

622 of the Code is inapplicable to the action pled, we find that the trial court erred in dismissing the count.  Accordingly, we reverse the dismissal of count V of the plaintiff's amended complaint.

In summary, we: 1) affirm the dismissal of counts III and IV of the plaintiff's amended complaint to the extent that those counts are based upon the allegations of negligence set forth in paragraphs 6 (b) through (g), inclusive; 2) reverse the dismissal of counts III and IV of the plaintiff's amended complaint to the extent that those counts are based upon negligence in failing to achieve adequate hemostasis following the exploratory laparotomy as alleged in paragraphs 6(a); 3) reverse the dismissal of count V of the plaintiff's amended complaint; and 4) remand this cause to the circuit court with directions to afford the plaintiff a reasonable opportunity to amend counts III and IV to comply with the requirements of section 2-622 of the Code.

Affirmed in part and reversed in part; cause remanded with directions. 

McNAMARA and WOLFSON, JJ., concur.