SHIRLEY MAREK, Plaintiff-Appellant, v. O.B. GYNE SPECIALISTS II, S.C., Defendant-Appellee (Susan M. Lupo *et al.*, Defendants).

First District (2nd Division)    No. 1—99—3530

Opinion filed February 20, 2001.

Allen I. Tish and Joseph R. Curcio, both of Joseph R. Curcio, Ltd., of Chicago, for appellant.

Anderson, Bennett & Partners, of Chicago (William C. Anderson III and Diane I. Jennings, of counsel), for appellee.

JUSTICE McBRIDE delivered the opinion of the court:

Plaintiff-appellant Shirley Marek (Marek) appeals the trial court's dismissal of her second amended complaint against defendant-appellee O.B. Gyne Specialists II, S.C. (O.B. Gyne), on statute of limitations grounds. Marek filed her original complaint against O.B. Gyne and several other defendants, Gerald T. Johnson, M.D., individually and as agent/employee of Glenwood Radiologists, an Illinois corporation (Glenwood Radiologists), Leon McGill, M.D., and Susan M. Lupo, M.D. The original complaint, filed December 17, 1996, alleged that these medical care providers failed to properly diagnose, advise and treat Marek for breast cancer that developed in her right breast. Specifically, Marek alleged that Johnson, Glenwood and McGill failed to properly conduct a bilateral mammography and to properly diagnose and disclose to Marek "irregularities" that indicated cancer. As a result of defendants' alleged negligence in providing timely and definitive treatment for the emerging cancer, Marek claimed that she was forced to undergo a right radical mastectomy causing her pain, suffering and disfigurement.

In count I of the original complaint, Marek alleged that Johnson and Glenwood Radiologists performed a bilateral mammography on December 17, 1994, and failed to inform plaintiff of an asymmetry requiring immediate medical attention. The trial court entered summary judgment in favor of Johnson and Glenwood Radiologists and that decision is not before us on appeal.

In count II of the original complaint, Marek alleged that McGill, her gynecologist, failed to advise her of certain abnormalities noted on the December 17, 1994, mammography report generated by Johnson and Glenwood Radiologists. Further, Marek alleged that McGill was negligent in failing to arrange for an immediate clinical evaluation of

the abnormality and in failing to refer her to qualified medical personnel for further diagnosis and treatment. The trial court entered summary judgment in favor of McGill, and Marek has not appealed that decision.

In count III of the original complaint, Marek sued Lupo, a gynecologist, and vicariously sued O.B. Gyne, Lupo's employer, as a principal. Marek's claim in count III concerned the negligence of Lupo and O.B. Gyne, which involved Marek's gynecological examination at Lupo's office on April 15, 1995. Specifically, Marek alleged that Lupo performed an inadequate examination of her right breast and failed to immediately refer her for diagnostic testing to determine any further evidence of emerging cancer.

On September 10, 1998, Marek filed a first amended complaint, which only amended count II of her original complaint and named O.B. Gyne as a principal of McGill. Count II of the first amended complaint, among other things, alleged that McGill was an agent of O.B. Gyne and that O.B. Gyne, through its agents and employees not limited to McGill, carelessly and negligently failed to advise plaintiff of the abnormalities in the December 17, 1994, mammography report, failed to summon Marek for an evaluation of the abnormality and failed to refer Marek to qualified personnel for examination of the December 17, 1994, report.

■ O.B. Gyne moved to dismiss count II of Marek's first amended complaint on statute of limitations grounds pursuant to section 13—212(a) and section 2—619(a)(5) of the Illinois Code of Civil Procedure. 735 ILCS 5/13—212(a), 2—619(a)(5) (West 1998). Section 13—212(a) provides, in relevant part:

> "Except as provided in Section 13—215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13—212(a) (West 1998).

The trial court initially denied this motion but reversed itself and granted the dismissal of count II without prejudice on March 29, 1999, allowing Marek to file a second amended complaint.

On April 23, 1999, Marek filed a second amended complaint. In count I, the second amended complaint alleged that Marek was McGill's patient from 1989 through 1994 and that McGill was an agent of O.B. Gyne. Marek further alleged that, after McGill retired from practicing medicine on December 1, 1994, all of McGill's records, including Marek's, were the property of O.B. Gyne. As a result, Marek alleged that O.B. Gyne was directly negligent for failing to advise Marek of the abnormalities discovered in the December 17, 1994, mammography report, failing to to call Marek in to evaluate the abnormality and for failing to summon adequate medical personnel to examine the asymmetry noted in the December 17, 1994, mammography report.

In count II of the second amended complaint, Marek alleged that she was unaware of her direct cause of action against O.B. Gyne until it answered discovery, at which time she determined that O.B. Gyne possessed McGill's records. It was only after this "discovery," as alleged by Marek, that she realized a direct cause of action existed against O.B. Gyne. In count III, the second amended complaint alleged that Lupo was negligent on April 15, 1995, by failing to refer Marek for further diagnostic testing to identify the developing cancer in Marek's right breast.

On May 27, 1999, O.B. Gyne moved to dismiss Marek's second amended complaint on the ground that it was virtually identical in all respects to the first amended complaint dismissed by the trial court on March 29, 1999. On September 1, 1999, the trial court dismissed the entire case with prejudice. The trial court's apparent rationale for the dismissal of count I was that the action was time-barred and the amendment could not relate back under section 2—616(b) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—616(b) (West 1998). We say "apparent" because the transcript of this particular hearing is not part of the record on appeal and the September 1, 1999, order does not state a basis for the dismissal with prejudice. However, these were the grounds for dismissal alleged in O.B. Gyne's motion to dismiss the first amended complaint which was granted by the trial court. The trial court's apparent basis for dismissing count II of the second amended complaint was that Marek failed to file the second amended complaint against O.B. Gyne within four years of its initial negligence under section 13—212(a) of the Illinois Code of Civil Procedure. 735 ILCS 5/13—212(a) (West 1998). Marek appeals from the trial court's order of September 1, 1999.

The two questions raised on appeal are whether the trial court erred in granting O.B. Gyne's motion to dismiss count I on grounds that the statute of limitations had expired and whether the trial court

erred in granting O.B. Gyne's motion to dismiss count II on grounds that Marek failed to file her second amended complaint within four years of the initial negligence pursuant to section 13—212(a). 735 ILCS 5/13—212(a) (West 1998).

■ "In reviewing an order of the circuit court finding that the plaintiff's actions were time-barred as a matter of law, our [standard of] review is *de novo.* [Citation.]" *Retzler v. Pratt & Whitney Co.*, 309 Ill. App. 3d 906, 919-20, 723 N.E.2d 345 (1999).

■ Concerning the first question, Marek claims that it is section 2—616(d) of the Illinois Code of Civil Procedure which governs whether the claims in her second amended complaint can relate back to the original action and, thus, circumvent the applicable limitations period. 735 ILCS 5/2—616(d) (West 1998). Although we agree with Marek that her amended claim relates back to the original complaint, we do not agree that section 2—616(d) applies here. Section 2—616(d) expressly states that it is applicable to: "(d) A cause of action against a person not originally named a defendant ***." 735 ILCS 5/2—616(d) (West 1998). As evidenced by the original complaint in this case, it is clear that O.B. Gyne was originally named a defendant in the original complaint and Marek admits this fact in her brief. We agree with O.B. Gyne on this point and conclude that section 2—616(b) is the proper provision to be applied in resolving the first issue on appeal. Section 2—616(b) states the following, in pertinent part:

> "The cause of action *** set up in any amended pleading shall not be barred by lapse of time under any statute ***, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted *** grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery ***, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action *** set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 5/2—616(b) (West 1998).

Though Marek claims in her brief that section 2—616(d) is the applicable relation-back provision, she relies exclusively on *McArthur v. St. Mary's Hospital*, 307 Ill. App. 3d 329, 717 N.E.2d 501 (1999), *appeal denied*, 186 Ill. 2d 570, 723 N.E.2d 1163 (1999), and *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939, 704 N.E.2d 731 (1998), which both involve the applicability of section

2—616(b) to medical malpractice causes of action. O.B. Gyne considers the reasoning in these decisions "faulty" and, for that reason, the cases should not be followed. We disagree.

In *McArthur*, the plaintiff sued the defendant hospital and several other defendant doctors for the death of a baby due to complications during the birth process. In the original complaint, the only allegation made against the hospital was that " 'it failed to implement and/or enforce a policy requiring a permanent radiographic image of all ultrasound sonogram examinations be maintained.' " *McArthur*, 307 Ill. App. 3d at 331. The allegations against the doctors specifically charged them with failure to correctly read and interpret the sonograms and X rays, which led to a "failed diagnosis" and the ultimate death of the child. Plaintiff subsequently filed first and second amended complaints where the sole allegation remained the same against the defendant hospital. In the third amended complaint, however, plaintiff added seven new allegations against the hospital when she discovered that hospital agents and employees may also have been involved in the reading and interpretation of the sonograms and X rays at issue.

The trial court granted summary judgment in favor of the defendant hospital, finding that the new allegations in the third amended complaint alleged different conduct by different individuals than the allegations made in the original complaint. As such, the trial court concluded that these allegations created new grounds for the hospital's liability and did not relate back to the original complaint within the limitations period.

The appellate court determined that section 2—616(b) governed the concept of the relation-back doctrine under the facts of the case. Pursuant to section 2—616(b), the court pointed out that "the relation-back doctrine only applies if (1) the original complaint was timely filed and (2) the cause of action in the amended complaint grew out of the same transaction or occurrence as that alleged in the original complaint." *McArthur*, 307 Ill. App. 3d at 334, citing *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 46, 570 N.E.2d 327 (1991). The court further determined:

> "Not until after plaintiffs discovered hospital personnel apparently were involved in reading and/or interpreting the images at issue were these allegations made against the hospital. Because these allegations were made against the hospital's codefendants and were at the heart of plaintiffs' case, the hospital was aware of them and knew the extent of the involvement of its own personnel.
>
> When the relation-back doctrine is applied, the entire record may be examined to determine (1) if a defendant is on notice of a claim

prior to the expiration of the statute of limitations and (2) the true facts upon which the amended claim against defendant is based." *McArthur*, 307 Ill. App. 3d at 335, citing *Wolf*, 143 Ill. 2d at 46-48. Based on the fact that the same acts of negligence were asserted against the codefendant doctors in the original complaint, the court concluded that the allegations against the defendant hospital in the third amended complaint related back to the filing of the original complaint. *McArthur*, 307 Ill. App. 3d at 336.

Marek also relies on *Cammon*, decided by this court, in support of her position that the allegations against O.B. Gyne in the second amended complaint should relate back to the filing of the original complaint in this case. In *Cammon*, the defendant hospital was sued vicariously in the original complaint for the negligence of three doctors in misinterpreting decedent's CT scans. In separate counts, the defendant surgeon was accused of failing to achieve an adequate hemostasis (arrest of bleeding) after exploratory laparatomy (abdominal wall) surgery on the decedent. After summary judgment motions by certain defendants, plaintiff voluntarily dismissed all of the defendants but the hospital and the surgeon. The original complaint specifically attributed negligence in the performance of the abdominal wall surgery to the surgeon, not the hospital. In the amended complaint, however, plaintiff asserted several claims against the hospital for the acts and omissions of unnamed nurses, residents, medical technicians anesthesiologists and other health care professionals in failing to, among other things, achieve an adequate hemostasis following the abdominal wall surgery.

As in *McArthur*, this court relied on the supreme court's decision in *Wolf* and determined that the relation-back doctrine applied because the amended complaint alleged that the defendant hospital, through its agents, failed to achieve an adequate hemostasis following decedent's surgery. *Cammon*, 301 Ill. App. 3d at 947-48. Because that allegation was made against the surgeon in the original complaint, the court held that the claims relating to decedent's surgery in the amended complaint related back to the original complaint. Further, it was determined that, based on the record, the defendant hospital was put on notice from the outset of the litigation, prior to the expiration of the limitations period, that plaintiff was claiming that a failure to achieve an adequate hemostasis following the abdominal wall surgery was a proximate cause of decedent's injury and subsequent death. *Cammon*, 301 Ill. App. 3d at 947.

∎ The court in *Cammon* also stated:

"The rationale behind the same transaction or occurrence rule set forth in section 2—616(b) 'is that a defendant will not be prejudiced

by an amendment as long as "his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him." [Citation.]' " *Cammon*, 301 Ill. App. 3d at 946, quoting *Boatmen's National Bank v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995).

In addition, our supreme court has determined that, "if the defendant has been made aware of the occurrence or transaction which is the basis for the claim, he can prepare to meet the plaintiff's claim, whatever theory it may be based on." *Zeh v. Wheeler*, 111 Ill. 2d 266, 279, 489 N.E.2d 1342 (1986); *Cammon*, 301 Ill. App. 3d at 946.

We conclude that the facts of this case are similar to those in *McArthur* and *Cammon*. In count II, paragraph 6, the original complaint in this case alleges the following:

"6. That DR. MCGILL, carelessly and negligently performed one or more of the following acts and/or omissions:

(a) Failed to advise the plaintiff of the abnormalities noted on the December 17, 1994 mammography report;

(b) Failed to call in the patient, SHIRLEY MAREK, for an immediate clinical evaluation of the abnormality;

(c) Failed to refer SHIRLEY MAREK to appropriately qualified medical personnel to examine the asymmetry noted on the December 17, 1994 mammography report."

The record reveals, as alleged in the first amended complaint, that McGill was an employee, agent and shareholder of O.B. Gyne as of June 1, 1990. Moreover, he was an employee, agent and shareholder of O. B. Gyne when he ordered Marek to undergo mammography studies under Johnson's care on December 17, 1994. Also, it is undisputed that McGill's records pertaining to Marek became the property of O.B. Gyne pursuant to the employment contract between O.B. Gyne and McGill. The parties do not dispute that O.B. Gyne retained Marek's records after McGill's retirement.

As noted above, Marek alleged three counts of negligence in her original complaint. Count I was directed at Johnson and Glenwood. Count II was directed at McGill for the occurrence referred to in paragraph 6. Count III charged O.B. Gyne with negligence concerning Marek's gynecological visit to Lupo on April 15, 1995, based on vicarious liability.

The allegations of negligence directed at McGill in count II, paragraph 6, of the original complaint resulting in Marek's injuries are identical in all respects to those alleged in the first and second amended complaints. The only difference among the complaints is that, in the original complaint, only McGill is charged in count II with the negligence set forth above. In the first amended complaint, McGill,

individually and as agent of O.B. Gyne, and O.B. Gyne are charged with the identical conduct noted above and, in the second amended complaint, counts I and II charge O.B. Gyne and McGill with causing Marek's injuries based on the same transaction or occurrence.

That O.B. Gyne's attention was directed to the allegations of negligence made against its agent, shareholder and employee at the time the original complaint was filed is apparent from a review of the counts of the original complaint. From the inception of the lawsuit until McGill's retirement, O.B. Gyne was the principal of its agent and employee McGill. Although the allegations directed against O.B. Gyne in the original complaint involved Lupo, another agent, employee and shareholder of O.B. Gyne, the identical allegations against McGill, which specify the transaction or occurrence giving rise to Marek's alleged injuries, are contained in another count of the very same complaint. O.B. Gyne cannot claim surprise or prejudice as a result of the amended pleadings when those identical allegations were made against its agent, employee and shareholder in the original complaint.

As in *McArthur*, the allegations against McGill, an agent of O.B. Gyne and a codefendant in the original action, were at the heart of Marek's case and O.B. Gyne was made aware of them at the time the original complaint was filed. As cited above, the express language of section 2—616(b) requires the satisfaction of two elements: "(1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. [Citation.]" *Wolf*, 143 Ill. 2d at 46.

In our view, the court in *Cammon* recognized that a defendant is entitled to notice of an amended claim because the rationale behind the same transaction or occurrence rule established in section 2—616(b) is that a defendant will not be prejudiced by an amendment as long as its attention was directed, within the limitations period, to the facts that form the basis of the claim asserted against it. *Cammon*, 301 Ill. App. 3d at 947.

■ In this case, we conclude that there is no reason to extend our analysis beyond the two requirements set forth in section 2—616(b). The original action was timely filed on December 17, 1996, the day on which the statute of limitations expired for the mammography conducted on December 17, 1994. Further, an examination of the allegations in all three complaints reveals that the claims asserted in the second amended complaint grew out of the same transaction or occurrence as that alleged in the original pleading. Marek in her original, first and second amended complaints alleged that the failure to advise her of the abnormalities noted on the December 17, 1994,

report, the failure to call her in for an immediate clinical evaluation, and the failure to refer her to qualified medical personnel to examine the asymmetry noted in that December 17, 1994, report caused her injuries. The single distinguishing factor between the original complaint and the second amended complaint is that, in the original action, only McGill is named for the occurrence or transaction giving rise to Marek's injuries referred to above. In the second amended complaint, those identical allegations are made directly against O.B. Gyne. Therefore, it is evident that the allegations in the amended pleading grew out of the same transaction or occurrence as those in the original pleading. We also note that *McArthur*, *Cammon* and the language of section 2—616(b) do not require that the allegations in a particular count of an original complaint correspond to the same defendant in an amended complaint for the relation-back doctrine to apply. Rather, the focus is on the identity of the transaction or occurrence on which the causes of action are based. *Cammon*, 301 Ill. App. 3d at 946, citing *Zeh*, 111 Ill. 2d at 272-73. Thus, we conclude that the allegations against O.B. Gyne relating to the December 17, 1994, mammography report are not time-barred because they relate back to the original complaint.

In addition, our supreme court has held that, "[i]nstead of splitting hairs over types of faults, the inquiry is whether there is enough in the original description to indicate that plaintiff is not attempting to slip in an entirely distinct claim in violation of the spirit of the limitations act." *Simmons v. Hendricks*, 32 Ill. 2d 489, 497, 207 N.E.2d 440 (1965). This language has been cited by the appellate court in at least three cases involving a section 2—616(b) analysis. See *McArthur*, 307 Ill. App. 3d at 336 (Cook J., specially concurring); *Steinberg v. Dunseth*, 276 Ill. App. 3d 1038, 1044, 658 N.E.2d 1239 (1995); *Sompolski v. Miller*, 239 Ill. App. 3d 1087, 1091, 608 N.E.2d 54 (1992).

Under the above inquiry, we find that Marek has not attempted to slip in a distinct claim in violation of the spirit of the limitations statute. Rather, the same claim was asserted in all three complaints. We recognize that the specific count directed at O.B. Gyne in the original complaint did not allege that O.B. Gyne failed to advise Marek of the abnormalities of the December 17, 1994, report, failed to call her in for a clinical evaluation or failed to refer her to qualified medical personnel. However, the original complaint alleged these very same allegations against McGill, O.B. Gyne's agent, employee and shareholder. Thus, the cause of action arose out of the same transaction and occurrence and the claim is not a distinct allegation that would violate the spirit of the statute of limitations.

■ O.B. Gyne also asserts that because the trial court entered

summary judgment in favor of McGill, his care is no longer at issue in the case and, as a result, O.B. Gyne cannot be held vicariously liable for any actions or omissions attributed to him. While O.B. Gyne may argue that it cannot be held vicariously liable for actions attributable to McGill, the applicability of the relation-back doctrine is not barred in this case for several reasons.

First, O.B. Gyne cites *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 122, 382 N.E.2d 1217 (1978), in support of its position. In *Towns*, our supreme court held that, "[w]hen an action is brought against a master based on the alleged negligent acts of his servant, and no *independent* wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*." (Emphasis added.) *Towns*, 73 Ill. 2d at 123-24. The above proposition in *Towns* does not apply here where an independent wrong has been asserted against O.B. Gyne, the master, in the first and second amended complaints. Thus, O.B. Gyne cannot claim that its liability was only derivative for the occurrence which was, among other things, a failure to advise Marek of abnormalities indicated on the December 17, 1994, mammography report. Although the first and second amended complaints set out the identical allegations concerning the occurrence of December 17, 1994, they are aimed directly at O.B. Gyne. Therefore, *Towns* does not apply because an independent wrong has been directly charged against the master.

Second, the question of whether McGill's favorable summary judgment ruling impacts the dismissal of Marek's second amended complaint is not properly before us. We recognize O.B. Gyne's position that "[i]t is illogical for a court to grant summary judgment on a count and then allow plaintiffs to replead that same count." *Steinberg*, 276 Ill. App. 3d at 1047. We also acknowledge, however, that "[a]mendment may be appropriate *** where summary judgment is entered on the theory pleaded, but [the record] indicate[s] that another theory is viable." *Steinberg*, 276 Ill. App. 3d at 1047.

In this case, the fact that McGill was granted summary judgment does not impact our determination as to whether Marek's second amended complaint should be dismissed. We conclude that amendment was appropriate because another theory is viable for Marek to recover as a result of the transaction or occurrence at issue. Specifically, Marek alleged that O.B. Gyne was directly negligent because of the failed disclosure of information in the December 17, 1994, mammography report in the first and second amended complaints. Thus, we hold that the trial court's grant of summary judgment to McGill is not properly before us and that it has no impact on the determination concerning the dismissal of Marek's second amended complaint.

Third, O.B. Gyne cites *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 153, 449 N.E. 2d 125 (1983), in further support of its contention that Marek's second amended complaint should be dismissed. O.B. Gyne's reliance on *Foxcroft Townhome Owners Ass'n* is also misplaced. In that case, our supreme court determined that a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints. *Foxcroft Townhome Owners Ass'n*, 96 Ill. 2d at 153. In this case, although Marek has not appealed the trial court's order granting summary judgment to McGill under section 2—616(b), we do not find that precludes her from seeking invocation of the relation-back doctrine concerning the occurrence alleged in her original complaint, which was the failure to inform her of the abnormalities that existed in the December 17, 1994, mammography report. Additionally, we do not conclude that the supreme court intended the above waiver rule to interfere with the relation-back doctrine where, as here, the cause of action in the amended pleading grew out of the same transaction or occurrence that was alleged in the original complaint.

We are also not persuaded by the authority cited by O.B. Gyne in support of its position that the Marek's cause of action in the second amended complaint relating to the December 17, 1994, mammography report did not grow out of the same transaction or occurrence alleged in the original pleading. In its brief, O.B. Gyne cites *Weidner v. Carle Foundation Hospital*, 159 Ill. App. 3d 710, 711-12, 512 N.E.2d 824 (1987), *Flynn v. Szwed*, 224 Ill. App. 3d 107, 111, 586 N.E.2d 539 (1991), *Bailey v. Petroff*, 170 Ill. App. 3d 791, 798, 525 N.E.2d 278 (1988), and *Weber v. Cueto*, 253 Ill. App. 3d 509, 517, 624 N.E.2d 442 (1993), *appeal denied*, 155 Ill. 2d 577, 633 N.E.2d 16 (1994). As noted by the court in *McArthur*, the above-referenced cases "involved either sole defendants where the new claims asserted against them were of a completely new nature that they could not have anticipated [citations] or multiple defendants where completely new theories were added that had not been asserted against any defendants previously." (Emphasis omitted.) *McArthur*, 307 Ill. App. 3d at 335. As we previously noted, the allegations giving rise to the negligence claim asserted against McGill, an agent of O.B. Gyne, in the original complaint were identical to the allegations that form the basis of the negligence claim against O.B. Gyne in the first and second amended complaints. We conclude that the allegations of the second amended complaint concerning the December 17, 1994, mammography report arose out of the same transaction or occurrence as was alleged in the original compliant. Therefore, the claim relates back under section 2—616(b).

We need not reach the second question on appeal concerning the

application of the discovery rule under section 13—212(a) because we reverse the trial court's dismissal of Marek's second amended complaint under section 2—616(b).

The trial court's dismissal of the second amended complaint is reversed and remanded.

Reversed and remanded.

CAHILL, P.J., and COUSINS, J., concur.