No. 18-1139 – *Tucker-Stephen Bell, et al v. Nicholson Construction Co.*

WORKMAN, J., dissenting:

**FILED**
**November 19, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

The issue in this case is very narrow—so narrow in fact that the majority fails to identify a single case in the extensive body of state and federal caselaw that interprets Rule 15's "relation back" principle so narrowly. That is because the proposed amendment in this case clearly relates back to an occurrence outlined in the original pleading—just as the Rule requires. Not only was the respondent employer ("Nicholson") already a party to the suit, on notice of personal injury claims and participating in the workers' compensation claim resulting from the workplace accident, but was *already defending against the precise cause of action presented by amendment*, which had been asserted by way of cross-claim for contribution. The majority violates the paramount principle this Court has enunciated when construing this Rule: "Rule 15, by its own terms, is to be construed liberally in order to promote the consideration of claims on their merits." *Brooks v. Isinghood*, 213 W. Va. 675, 684, 584 S.E.2d 531, 540 (2003). Therefore, I dissent.

"The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (cleaned up). And yet the majority invents a new hyper-technical requirement to Rule 15's "relation back" principles to bar a meritorious claim. Petitioner filed a complaint against Nicholson and various manufacturing and premises defendants alleging that he was injured in a workplace accident involving a drill

1

rig. Petitioner's original complaint, in which the full details surrounding the workplace accident and subsequent handling of relevant evidence were set forth, asserted products liability claims against the manufacturing defendants, premises liability against the site owner, and a spoliation of evidence claim against Nicholson. Nicholson, who unilaterally initiated a workers' compensation claim for petitioner in Pennsylvania, was then sued for deliberate intent by one of the manufacturing defendants, for purposes of contribution. Approximately only two months after the original complaint was filed, petitioner sought and obtained leave to amend his complaint to hold Nicholson liable for these same injuries, involving the same facts and circumstances set forth in the original complaint, but under the same theory of deliberate intent advanced by Nicholson's co-defendant. The circuit court and majority concluded, however, that the amended complaint did not "relate back" to the original complaint under Rule 15(c) and the deliberate intent claim was therefore time-barred.

One need not look far to find the genesis of the majority's error. The language of Rule 15(c)(2) itself plainly states that an amended complaint relates back to the original where the "claim . . . asserted in the amended pleading arose out of the . . . occurrence set forth or attempted to be set forth in the original *pleading*[.]" (emphasis added). There is no question that all of the facts alleging petitioner's workplace injury— the "occurrence"—were fully set forth in the original *pleading*. Nevertheless, the majority concludes that an amendment to add a claim against an already-named defendant does not relate back even if it emanates from facts set forth in the complaint, if those facts relate

2

primarily to claims against *other* named defendants. In so doing, the majority adds a provision to the Rule that simply is not there: a requirement that an occurrence not only be set forth in the original pleading, but that the occurrence be contained within a claim or count *directed at that particular defendant* in the original pleading. Or, in other words, that the precise occurrence from which the amendment derives must have already been the source of a cause of action against that particular defendant. The majority boldly cites not a single case in support of this construction of the Rule.

This Court has made clear that the general application of Rule 15 operates as follows:

> Rule 15 allows a party to amend despite the running of an applicable state statute of limitations when parties are sufficiently on notice of the facts and claims that gave rise to the proposed amendment. The principal purpose of Rule 15(c) is to enable a plaintiff to correct a pleading error after the statute of limitations has run if the correction will not prejudice his adversary in any way.

*Brooks*, 213 W. Va. at 684, 584 S.E.2d at 540 (cleaned up). Regardless, the majority grossly narrows Rule 15's "pleading" language by cherry-picking a phrase from an inapposite case which simply does not contemplate multi-party, multi-theory complaints. It places particular emphasis on the Court's prior wording that a claim relates back where a cause of action emanates from the "specified conduct of the defendant that gave rise to the original cause of action." Syl. Pt. 7, in part, *Dzinglski v. Weirton Steel Corp.*, 191 W. Va. 278, 445 S.E.2d 219 (1994), *holding modified on other grounds by Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W. Va. 111, 506 S.E.2d 554 (1997); *see also Roberts v. Wagner*

3

*Chevrolet-Olds, Inc*., 163 W. Va. 559, 563, 258 S.E.2d 901, 903 (1979). As even the majority admits, *Dzinglski* did not involve or purport to address multi-defendant, multi-theory lawsuits. To afford language in a syllabus point *dispositive* significance in a scenario not contemplated or intended is a dangerous game. This language[1] simply does not contemplate anything other than a case involving one defendant or multiple, vicariously liable defendants with an unanimity of interest and cause of action. Where there exists a multiplicity of parties, occurrences, and legal theories, this overbroad language bites off more than it intends to chew.

The illogic of the majority's conclusion is even more obvious when considering what would have been permissible had the original complaint in this case not named Nicholson *at all*, but later sought to add it and the deliberate intent claim by amendment under Rule 15(c)(3). This Court has held:

> Under Rule 15(c)(3) of the West Virginia Rules of Civil Procedure [1998], an amendment to a complaint changing a defendant or the naming of a defendant will relate back to the date the plaintiff filed the original complaint if: (1) the claim asserted in the amended complaint arose out of the same conduct, transaction, or occurrence as that asserted in the original complaint; (2) the defendant named in the amended complaint received notice of the filing of the original complaint and is not prejudiced in maintaining a defense by the delay in being named; (3) the defendant either knew or should have known that he or she would have been named in the original complaint had it not been for a mistake; and (4) notice of the action, and knowledge or potential knowledge of the mistake, was received by the defendant within the period prescribed for

---

[1] This passing phrase was lifted from dicta in *Roberts* and inserted into the *Dzinglski* syllabus point.

4

> commencing an action and service of process of the original complaint.

Syl. Pt. 4, *Brooks*, 213 W. Va. 675, 584 S.E.2d 531. Rule 15(c)(3) and *Brooks* therefore allow a *new* defendant against whom a *new* claim is asserted to be added by amendment provided that the claim arises from an occurrence contained in the original pleading, the notice provisions in *Brooks* are met, the new defendant knew or should have known it would have been named but for a mistake, and no prejudice would result.

Under these guidelines, consider then a hypothetical scenario where petitioner did not name Nicholson or assert a spoliation claim against it in the original complaint, but sought to amend to name Nicholson as a new defendant later and assert a deliberate intent action against it. The original complaint would have set forth the workplace accident—plainly an "occurrence" from which the deliberate intent claim arises (satisfying element one). Adequate notice would not be an issue given that 1) the manufacturing defendant would have then needed to file a third-party complaint, rather than a cross-claim, to advance its contribution claim (providing notice of the original action as required by element two); and 2) the amended complaint was filed 105 days after the original complaint—well within the time period prescribed by *Brooks* (providing notice and mistake in omitting Nicholson as required by elements three and four).[2] In light of

---

[2] Notice of the action must have been received "within the period prescribed for commencing an action and service of process of the original complaint." Syl. Pt. 4, in part, *Brooks*, 213 W. Va. 675, 584 S.E.2d 531. Petitioner had until May 19, 2017, to file his (continued . . .)

Nicholson's active involvement in the workers' compensation claim and the fact that a co-defendant was asserting a deliberate intent claim, there can be no question it should have known it would have been named as a first-party defendant, but for a mistake.[3] Plainly no prejudice would result, given that Nicholson has articulated none before this Court: the case was in its infancy and it ultimately would have to defend against a deliberate intent claim for contribution by a co-defendant regardless. Under these circumstances, the amendment would obviously be permissible under *Brooks*. An entirely new defendant—a *stranger* to the entire action itself—could then be brought into the case on this theory of liability, regardless of the running of the statute of limitations.

However, because petitioner had already named Nicholson in the original suit and included the operative facts, but simply not in support of its specific count against Nicholson at that time, the majority concludes the claim cannot be brought. This is patently non-sensical. Under the present case, Nicholson is even *less* surprised by the deliberate intent claim than it would have been in the above permissible hypothetical. It was a party-

---

action; with the addition of 120 days for service per Rule 4(k), respondent employer must only have received notice of the action on or before September 16, 2017.

[3] That mistake, no doubt, was occasioned by the complexity of the dual filings of the Pennsylvania and West Virginia workers' compensation claims. Since Pennsylvania—where *Nicholson* initiated a workers' compensation claim—does not permit deliberate intent and was likely the impetus for its filing there, Nicholson would be hard-pressed to suggest it should not have known about the potential for a deliberate intent claim given the pendency of a West Virginia workers' compensation claim. In fact, it is not unreasonable to suggest that Nicholson attempted to *perpetuate* the omission of such a claim with its Pennsylvania filing.

defendant from the outset, knew that petitioner was seeking recovery for his personal injuries outside of the workers' compensation claim, knew the exact factual allegations surrounding the workplace accident, and *was already defending against precisely this claim*. Somehow the majority's hair-splitting has transformed early notice and full participation into a handicap to Nicholson which bars the claim, whereas being omitted entirely from the outset would have permitted the claim under Rule 15(c)(3). In that way, the majority has placed new constraints on amendments under Rule 15 which are inversely proportionate to the actual risk of prejudice: "[A]llowing the relation back of amendments adding new defendants implicates more seriously [] policy concerns than simply the relation back of new causes of action since, in the latter situation, the defendant is already before the court." *Buran v. Coupal*, 661 N.E.2d 978, 981 (N. Y. 1995).

Other courts have expressly rejected the majority's "overreading" of Rule 15. In *Marek v. O.B. Gyne Specialists II, S. C.*, 746 N.E.2d 1, 9 (Ill. App. Ct. 2001), the court stated that its Rule 15 equivalent "do[es] not require that the allegations in a particular count of an original complaint *correspond to the same defendant in an amended complaint* for the relation-back doctrine to apply[.]" The *Marek* court permitted an amendment outside of the statute of limitations, which made a direct claim of negligence against a clinic arising generally from the same facts in the original complaint, where it was named only as a defendant vicariously liable for other, different acts of its agents. *Id.* It concluded that the allegations against the clinic "were at the heart of Marek's case and O.B. Gyne was made aware of them at the time the original complaint was filed." *Id.*

7

As succinctly explained by yet another court:

> In determining whether the relation back doctrine should be applied, *we must focus not on the identity of the causes of action asserted in the original and amended complaint but rather on the identity of the transaction or occurrence on which the causes of action are based.* We take this approach because if the defendant *has been made aware of the occurrence or transaction which is the basis for the claim*, he can prepare to meet the plaintiff's claim, whatever theory it may be based on. Central to our inquiry is the question of whether the record reveals that the defendant was on notice, before the expiration of the statutory time period, of the facts upon which the claim set out in the amended complaint is based.

*Cammon v. W. Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 736 (Ill. App. Ct. 1998) (cleaned up) (emphasis added).

Because the majority has violated the paramount equitable considerations involved in Rule 15 that this Court has long-observed, and injected a new requirement entirely of its own making into the Rule, I respectfully dissent.[4]

---

[4] Because I believe Rule 15 permits the amendment, I would likewise permit petitioner's derivative spousal and parental consortium claims. I agree, however, with the majority's dismissal of the remaining consolidated appeals as lacking in appellate jurisdiction and therefore improvidently granted.