IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

KAREN BUCK,                          :
                                     :        C. A. No. K15C-03-012 JJC
            Plaintiff,               :
                                     :
      v.                             :
                                     :
NANTICOKE MEMORIAL                   :
HOSPITAL, INC., and KELLY            :
FELIX,                               :
                                     :
            Defendants.              :

**Submitted: April 24, 2015 and May 8, 2015**
**Decided: May 19, 2015**

**ORDER**

**Upon Review of the Affidavit of Merit**

This matter involves a healthcare negligence suit filed by Plaintiff Karen Buck ("Plaintiff") against Defendants Nanticoke Memorial Hospital Inc. ("Nanticoke") and Kelly Felix ("Felix"). Plaintiff claims that she received negligent treatment from the Defendants during her emergency room visit on March 15, 2013.

Specifically, her complaint alleges she received (1) negligent treatment from Felix, a physician's assistant; (2) independently negligent treatment from Nanticoke; and (3) that Nanticoke is vicariously liable for Kelly Felix's actions pursuant to the

1

doctrine of *respondeat superior*. Defendants Felix and Nanticoke both move for the Court to review the affidavit of merit filed in this case for sufficiency.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must also state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit of merit must be filed under seal, but a defendant can request an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[4] The Supreme Court has noted that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[5] As a result, the requirements for the affidavit of merit are

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Id.* § 6853(c).

[3] *Id.* § 6853 (c).

[4] 18 *Del. C.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

"purposefully minimal."[6]  An affidavit of merit that tracks the statutory language complies with the statute.[7]

As requested separately by the Defendants, upon an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae*.

3. The expert is currently licensed to practice medicine.

4. The expert is Board certified in Orthopedic Medicine.

5. The expert has been treating patients and supervising staff in the same field as Defendant Felix for well over three years preceding the alleged negligence.

6. The affidavit states that reasonable grounds exist to believe Felix breached the applicable standard of care while treating the Plaintiff and that breach was a proximate cause of the Plaintiff's injuries.

7. The affidavit does not state there are reasonable grounds to believe that the applicable standard of care was breached by Nanticoke nor does the affidavit address Nanticoke's vicarious liability.

When an affidavit of merit substantially complies with the statute and deficiencies appear to be drafting errors, this Court has allowed the Plaintiff a reasonable time to file an affidavit that corrects the deficiencies and complies with

---

[6] *Id*.

[7] *See Dishmon*, 32 A.3d at 342.

the Act. The Court's discretion in such instances is warranted because, "[i]n Delaware, public policy favors permitting a litigant a right to a day in court."[8] Accordingly, "Courts should apply rules with 'a liberal construction because of the underlying public policy that favors a trial on the merits, as distinguished from a judgment based on a default.'"[9]

In the present case, the Court finds that the affidavit of merit complies with 18 *Del. C.* §6853 (a)(1) and (c) as to Defendant Felix. As Defendants emphasized in their motions requesting the review, however, the statute requires an affidavit of merit addressing these issues as to "**each defendant.**"[10] Here, the proffered affidavit does not address Nanticoke's alleged negligence in any regard. It follows that it does not substantially comply with the statute as to Nanticoke. Accordingly, any claim in the Complaint alleging independent medical negligence against Nanticoke is not cognizable pursuant to 18 *Del. C.* §6853. In the interest of justice, Plaintiff is permitted (30) thirty days to supplement the record with an affidavit of merit meeting the statutory requirements for alleging independent healthcare negligence against Nanticoke. In the absence of filing of such an affidavit, allegations of independent

---

[8] *Beckett v. Beebe Med. Ctr., Inc.*, 897 A.2d 753, 757-58 (Del. 2006) (citing *Dolan v. Williams*, 707 A.2d 34, 35-36 (Del. 1998)).

[9] *Id.* (quoting *Old Guard Ins. Co. v. Jimmy's Grille, Inc.*, 860 A.2d 811 (Del. 2004)).

[10] 18 *Del. C.* §6853 (a)(1) (emphasis added).

4

negligence against Nanticoke shall be deemed dismissed.

Even absent the filing of an additional legally sufficient affidavit addressing Nanticoke's independent negligence, it does not follow that Nanticoke should be removed from the present action entirely. In Count II of Plaintiff's Complaint, Plaintiff raises an additional claim alleging vicarious liability pursuant to the doctrine of *respondeat superior* which does not fall within the purview of the statute. Such a claim therefore does not need be addressed in an affidavit of merit.

When "the principal is the master of an agent who is a servant, the fault of the agent, if acting within the scope of employment, will be imputed to the principal by the doctrine of *respondeat superior*."[11] "Literally, *respondeat superior* means '[l]et the master answer.'"[12] "Pursuant to this doctrine, a master is liable in certain cases for the wrongful acts of his servant and a principal for those of his agent."[13] Accordingly, suit can be brought against an employer based **solely** on the alleged acts of its employee taken within the scope of his or her employment. Under such circumstances, the employer's liability is entirely derivative of the employee's wrongful conduct. In other words, the alleged negligence of the employee is the sole

---

[11] *Fisher v. Townsends, Inc.*, 695 A.2d 53, 58 (Del. 1997).

[12] *Id*. (citing BLACK'S LAW DICTIONARY 1475 (4th ed.1951)).

[13] *Id*. at fn. 5.

focus. Moreover, an expert medical witness's opinion as to the nature of this derivative liability would in no way be helpful or within any medical expert's area of expertise. The nature of such allegations are matters of tort law, the parameters of which are set by common law. The statute's purpose, to protect against frivolous claims by requiring pre-suit certifications, is met in such instances when such affidavit addresses the statutory requirements as to the employee-tortfeasor.

Other jurisdictions have examined the issue and found requirements similar to Delaware's affidavit of merit statute to be inapplicable to *respondeat superior* claims. For instance, the Texas Supreme Court, in a state with a pre-suit certification requirement similar to Delaware's, has held the same. [11] According to the Texas Supreme Court, "when a health care liability claim involves a vicarious liability theory, either alone or in combination with other theories, a [pre-suit certification] that meets the statutory standards as to the employee is sufficient to implicate the employer's conduct under the vicarious theory."[12] Likewise, in the context of a pre-suit certification requirement as to "each defendant", in *Cammon v. West Suburban Hospital Medical Center*, 704 N.E.2d 731,738 (1998), an Illinois appeals court has held that "[n]o [pre-suit report] need be filed as to any defendant whose claimed

---

[11] *Certified EMS, Inc. v. Potts*, 392 S.W. 3D 625, 632, (Tex. 2013), *reh'g denied* (Mar. 29, 2013).

[12] *Id.*

liability is wholly vicarious provided that a [pre-suit report] in compliance with [the statute] has been filed as to the individuals whose conduct forms the basis of the vicarious liability."

In recognition of the derivative nature of the potential liability imposed pursuant to a *respondeat superior* claim, the Court concludes that section 6853 does not apply in the context of a *respondeat superior* claim because such a vicarious liability claim does not involve a claim of independent "healthcare medical negligence". An adequate affidavit of merit as to the employee's negligence alone, in such a claim, is sufficient to sustain a claim at the outset against both an employee health care provider and the alleged employer of that provider.

In conclusion, the affidavit of merit is sufficient as to the claims against Defendant Felix and as to the *respondeat superior* allegations against Nanticoke. Any claims against Defendant Nanticoke alleging independent negligence against that entity will not be sustainable unless Plaintiff files a statutorily sufficient affidavit as to Nanticoke within thirty (30) days of the date of this Order. If a supplemental affidavit is not filed, then such claims against Nanticoke will be dismissed by the Court.

IT IS SO ORDERED.

/s/ Jeffrey J Clark
Judge