Fourth Division
November 8, 2007

No. 1-05-3728

| | | |
|---|---|---|
| MATTHEW BABICH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | No. 02 L 8826 |
| RIVER OAKS TOYOTA and FLAIR DESIGN, LTD., | ) | |
| | ) | |
| Defendants-Appellees. ) | Honorable |
| | ) | Kathy Flanagan, |
| (RIVER OAKS TOYOTA, Defendant-Appellee). | ) | Judge Presiding. |

PRESIDING JUSTICE NEVILLE delivered the opinion of the court:

Plaintiff, Matthew Babich, filed a two-count complaint (a products liability count and a negligent spoliation count) against the defendants, Flair Design, Ltd. (Flair Design) and River Oaks Toyota (Toyota). After Babich settled with Flair Design, Toyota filed a motion for summary judgment and requested that the court enter a judgment for it and against Babich. The trial court granted the motion after finding that the limitations period for the products liability action had expired. In this appeal, we are presented with the following issue for review: whether the expiration of the limitations period for Babich's products liability action prevented Babich from prosecuting his negligent spoliation action. For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

Babich filed his initial complaint on July 12, 2002. In count I, the products liability action,

Babich alleged that he was injured on July 16, 2001, by a chair manufactured by Flair Design and purchased by Toyota. In count II, the negligent spoliation action, Babich alleged that Toyota disposed of the chair that caused the injury in his products liability action.

Toyota filed a motion for summary judgment and supported the motion with depositions. Anthony Cassello, the owner of Toyota, testified during his deposition that new chairs had not been purchased for Toyota since 1987 and that chairs brought to River Oaks Toyota from his Michigan City dealership were purchased no later then 1990. Joe Cassello, Toyota's used car manager, testified during his deposition that on the night of Babich's accident, he observed the broken chair, which was identical to two others in Cassello's workspace, and that all three chairs were at Toyota when he began working there in 1990. Joe Cassello also testified that these chairs were the only three chairs of this make and model in the Toyota showroom. Ellen Cassello, who had worked for Toyota since 1987, testified during her deposition that she did not recall new furniture being purchased while working at Toyota.

James Lebo, Toyota's general manager, testified during his deposition that new furniture was purchased in 1987 when Toyota relocated to its location in Calumet City, Illinois. Lebo also testified that he was unaware of any other Toyota employee who spoke with representatives from the West Bend Insurance Company, Toyota's insurance carrier, about Babich's accident. According to Lebo, Lisa Albrecht requested that he complete an accident report form. Finally, Lebo testified that he completed Babich's accident report and submitted it to West Bend.

Babich filed Albrecht's deposition in support of his response to the motion for summary judgment. Albrecht testified during her deposition that she was a senior claims representative for

1-05-3728

West Bend Insurance Company in October 2001 when she was assigned Babich's worker's compensation claim. Albrecht testified that she was assigned the claim when she received the report that Lebo sent to West Bend. Albrecht testified that after speaking with Babich's attorney, she sent a letter on November 15, 2001, to Lebo requesting information about the collapsed chair. Albrecht testified that she also sent a copy of her November 15, 2001, letter to Vogt. Albrecht testified that in response to her November 15, 2001, letter, she received handwritten answers to her questions that were written on a copy of her November 15, 2001, letter, but there was no signature on the response document identifying the person who answered her questions. Finally, Albrecht testified that the response indicated that the chair was approximately eight years old.

On June 28, 2005, Toyota moved for summary judgment. Toyota argued that Babich's spoliation claim against Toyota could not proceed because the applicable limitations period had expired and barred Babich's strict products liability claim against Flair Design. The trial court granted Toyota's motion, finding that there were no material issues of fact in dispute because the uncontradicted evidence established that the limitations period expired and barred Babich's products liability claim against the manufacturer, Flair Design. The trial court also found that since Babich could not proceed with his products liability claim against the manufacturer, his negligent spoliation claim against Toyota must also fail because, without a pending products liability action, there was no pending products liability action in which the chair could be introduced as evidence.

ANALYSIS

Standard of Review

In this case, the trial court granted Toyota's motion for summary judgment, pursuant to

- 3 -

section 2-1005 of the Code of Civil Procedure. 735 ILCS 5/2-1005 (West 2002). The standard of review for an order granting summary judgment is de novo. Home Insurance Co. v. Cincinnati Insurance Co., 213 Ill. 2d 307, 315 (2004).

Expiration of the Limitations Period

Babich filed a products liability action and a negligent spoliation action and alleged that he was injured when he fell from a defective chair. Toyota maintains that the statute of limitations expired on Babich's product liability action. The limitations period for a products or strict liability action is codified in section 13-213(b) of the Code of Civil Procedure (Code). 735 ILCS 5/13-213(b) (West 2002). Section 13-213(b) provides:

> (b) Subject to the provisions of subsections (c) and (d) no product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period. 735 ILCS 5/13-213(b) (West 2002).

First, section 13-213(b) provides that a products liability action must be commenced within

1-05-3728

12 years from the date of the first sale, lease or delivery of possession by a seller. Second, section 13-213(b) also provides that a products action must be commenced within 10 years from the first sale, lease or delivery to the initial user, consumer or other nonseller. 735 ILCS 5/13-213(b) (West 2005). Finally, section 13-213(b) provides that because there is both a 10- and a 12-year limitations period, the court should apply whichever limitations period expires earlier. 735 ILCS 5/13-213(b) (West 2002); Garza v. Navistar International Transportation Corp., 172 Ill. 2d 373, 379-80 (1996) (in cases involving manufacturers or distributors-lessors, two categories of sellers with two different limitations periods, the earlier of the 10- or 12-year repose period in section 13-213(b) is to be applied to determine whether the product liablity claim was timely filed).

The uncontradicted testimony in the record establishes that Toyota's dealership purchased the chair, at the latest, in 1990: (1) Anthony Cassello, the owner of River Oaks Toyota since 1980, testified that the last chairs purchased were in 1987 and that chairs brought to River Oaks Toyota from his Michigan City dealership were purchased no later then 1990; (2) Joe Cassello testified that the chair involved in Babich's accident was at the dealership when he began his employment at River Oaks Toyota in 1990; (3) Ellen Cassello, who was employed at River Oaks Toyota since 1987, testified that she could not recall any chairs being purchased for Toyota after 1987; and (4) Lebo testified that new furniture was purchased in 1987 when Toyota relocated to Calumet City. The unrebutted testimony in the record conclusively establishes that the chair was purchased and being used at Toyota, at the latest, in 1990. Flair Design was alleged to be the manufacturer of the chair and Toyota was alleged to be a consumer of the chair. With a seller and consumer involved in this case, we apply the 10-year limitations period because it expired earlier. Garza, 172 Ill. 2d at 379-80.

1-05-3728

Accordingly, (1) because the chair was purchased by Toyota between 1987 and 1990, (2) because we apply the 10-year limitations period because it expired earlier, (3) because Babich was required to file his consumer lawsuit, at the latest, in 2000, and (4) because Babich's products liability action was filed on July 12, 2002, the lawsuit was untimely because it was commenced in 2002, two years after the expiration of the 10-year limitations periods prescribed in section 13-213(b) of the Code. Garza, 172 Ill. 2d at 379-80; 735 ILCS 5/13-213(b) (West 2002).

## Material Issues of Fact

Babich maintains that the statute of limitations has not expired because Albrecht acquired information that indicates that Toyota's chair was eight years old. According to Babich, Albrecht's testimony regarding the information included in the document responding to her November 15, 2001, letter created a material issue of fact. We disagree. On a motion for summary judgment, a trial court cannot consider evidence that would be inadmissible at trial. CCP Ltd. Partnership v. First Source Financial, Inc., 368 Ill. App. 3d 476, 484 (2006). Albrecht's testimony about the information included in the document responding to her letter cannot be admitted in evidence because she has no personal knowledge as to the accuracy of the information in the document or who sent it. Case law is clear that a witness cannot testify about information of which he or she has no personal knowledge and did not perceive through his or her own senses. Mann v. Producer's Chemical Co., 356 Ill. App. 3d 967, 976 (2005); Northern Illinois Gas Co. v. DiVito Construction, 214 Ill. App. 3d 203, 215 (1991) (a person cannot testify about events he did not witness). Moreover, the information in the document (that the chair was eight years old) that Albrecht bases her testimony on is hearsay because the information in the document was placed in the document out of court but the information in the

- 6 -

document was submitted in court, through Albrecht's testimony, to prove the truth of the matter asserted: that the chair was less than 10 years old. Leonardi v. Loyola University of Chicago, 168 Ill. 2d 83, 99 (1995); Mikolajczyk v. Ford Motor Co., 369 Ill. App. 3d 78, 102 (2006) (hearsay is an out-of-court statement submitted in court to prove the truth of the matter asserted). Therefore, Albrecht's hearsay testimony (that the chair was eight years old) regarding information that she acquired out of court would be inadmissible in court because she has no personal knowledge about the age of the chair. Mann, 356 Ill. App. 3d at 976; DiVito Construction, 214 Ill. App. 3d at 215.

Next, we note that the document Albrecht references in her testimony was not included in the record on appeal. While we cannot determine whether the trial court reviewed this document, this court cannot consider documents that were not included in the record. Jackson v. South Holland Dodge, Inc., 197 Ill. 2d 39, 55 (2001); Kazubowski v. Kazubowski, 45 Ill. 2d 405, 415 (1970). Nevertheless, the document Albrecht references in her testimony presents a double hearsay problem because (1) the document must be admissable in evidence (M. Graham, Cleary & Graham's Handbook of Illinois Evidence §805.1, at 893 (7th ed. 1999); Horace Mann Insurance Co. v. Brown, 236 Ill. App. 3d 456, 463 (1992) (the document, a police report, must be admissable in evidence to overcome the hearsay problem presented by the document)), and (2) the information contained in the document must be admissable in evidence. Moran v. Erickson, 297 Ill. App. 3d 342, 359 (1998). The document responding to Albrecht's letter cannot be admitted in evidence because it is hearsay and it does not come within the purview of the business records exception, or any other hearsay exception, because Albrecht does not know the person who supplied the document or the information that the chair was eight years old and there is no evidence in the record that the document

was sent to Albrecht by Toyota or one of its employees.

The business records exception to the hearsay rule requires the party tendering the record to satisfy the following foundational requirements: (1) the record must be made in the regular course of business, and (2) the record must be made at or near the time of the event or occurrence. Kimble v. Earle M. Jorgenson Co., 358 Ill. App. 3d 400, 414-15 (2005), citing 145 Ill. 2d R. 236(a). Kimble also holds that a sufficient foundation for admitting records pursuant to the business records exception to the hearsay rule should be established through testimony of the custodian of records or another person familiar with the business and its mode of operation. Kimble, 358 Ill. App. 3d at 414, citing In re Estate of Weiland, 338 Ill. App. 3d 585, 600 (2003). Here, Babich has not proffered a witness who can authenticate the document or its contents responding to Albrecht's letter or a witness who can testify that the document and its contents were made in the regular course of Toyota's business at or near the time of the occurrence. National Wrecking Co. v. Industrial Comm'n, 352 Ill. App. 3d 561, 568 (2004); Anderson v. Human Rights Comm'n, 314 Ill. App. 3d 35, 42 (2000).

Finally, the information in the document (that "the chair was eight years old") is hearsay and the information cannot be admitted in evidence as an admission of a party opponent because the source (Toyota, one of Toyota's employees or some other person) of the information is unknown. Leonardi, 168 Ill. 2d at 99; Mikolajczyk, 369 Ill. App. 3d at 102. Therefore, with an unknown source, the information in the document cannot be admitted as an admission by Toyota or one of its employees. Leonardi, 168 Ill. 2d at 99; Mikolajczyk, 369 Ill. App. 3d at 102. In light of the facts (1) Albrecht's testimony concerning the information in the document was inadmissible, (2) the document

responding to Albrecht's November 15, 2001, letter was inadmissible, and (3) the information in the document was inadmissible, there were no material issues of fact created by Albrecht's testimony or the document. Accordingly, the trial court did not err when it held that the statute of limitations had expired because there were no evidentiary materials, affidavits or depositions, including Albrecht's deposition testimony, that created material issues of fact and would prevent the trial court from granting Toyota's motion for summary judgment.

### Negligent Spoliation

The next question we must answer is whether the expiration of the limitations period for Babich's products liability action prevented Babich from prosecuting his negligent spoliation action. The answer to this question is yes. It is well settled that Illinois courts do not recognize negligent spoliation of evidence as an independent cause of action. Boyd v. Travelers Insurance Co., 166 Ill. 2d 188, 192-93 (1995). We note that the California and Nevada supreme courts agree with Boyd. See Temple Community Hospital v. Superior Court of Los Angeles County, 20 Cal. 4th 464, 478, 976 P.2d 223, 233, 84 Cal. Rptr. 2d 852, 862 (1999); Timber Tech Engineered Building Products v. Home Insurance Co., 118 Nev. 630, 633, 55 P.3d 952, 954 (2002). Instead, the Boyd court held that an action for negligent spoliation can be stated under existing negligence law. Boyd, 166 Ill. 2d at 193. Therefore, following Boyd, we hold that an action for negligent spoliation of evidence is not an independent cause of action but it is a derivative action that arises out of other causes of action, including a negligence cause of action. Boyd, 166 Ill. 2d at 192-93.

We note that products liability actions are now judged according to the same rules for proving negligence causes of action. M. Polelle, B. Ottley & R. Lasso, Illinois Tort Law, §19.05 at 8 (3rd

ed. 2007). The elements of a negligence cause of action are as follows: (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty by the defendant, and (3) damages proximately caused by that breach. Ward v. Kmart Corp., 136 Ill. 2d 132, 140 (1990). Because this is a products action and because a negligent spoliation action is a derivative cause of action, the same procedural and substantive rules that apply to this products action apply to this spoliation action. Boyd, 166 Ill. 2d at 193; Bailey v. Edward Hines Lumber Co., 308 Ill. App.3d at 61. Accordingly, once the limitations period for the products liability action expired, Babich could not proceed with his negligent spoliation action (1) because the negligent spoliation action is a derivative action and has the same limitations period, and (2) because once the products liability action expired, there was no pending products liability action in which the chair could be introduced as evidence. Compare Antler v. Classic Residence Management Ltd. Partnership, 315 Ill. App. 3d 259, 269 (2000).

CONCLUSION

In conclusion, once the statute of limitations expired on Babich's products liability action, the primary action, his negligent spoliation action, the derivative action, expired with it and there were no material issues of fact in dispute and Toyota was entitled to a judgment as a matter of law. Boyd, 166 Ill. 2d at 192-93. Accordingly, the trial court did not err when it granted Toyota's motion for summary judgment.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAMPBELL, J., and O'BRIEN, J., concur.

1-05-3728