2015 IL App (2d) 141220
No. 2-14-1220
Opinion filed October 7, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| ESTELLA WOFFORD and LEO SEAY, | ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 11-L-11 |
| KEVIN TRACY, | ) ) ) | |
| Defendant | ) ) | |
| (Rockford Mutual Insurance Company; TDE Consulting Group, LLC; Service Construction Company, Inc.; and Tim Erickson, Defendants-Appellees). | ) ) ) ) ) | Honorable Thomas E. Mueller, Judge, Presiding. |

_____

        JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
        Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a house fire during which they sustained personal injuries, plaintiffs, Estella

Wofford and Leo Seay, sued defendants, Kevin Tracy, the property owner; Rockford Mutual

Insurance Company (Rockford), Tracy's insurer; TDE Consulting Group, LLC (TDE),

Rockford's retained investigator; Service Construction Company, Inc. (SCCI), Rockford's fire

damage remover and rehabber; and Tim Erickson, TDE's employee. In an 18-count amended

complaint, with respect to post-fire conduct, plaintiffs alleged negligence, spoliation, conspiracy,

conversion, and *res ipsa loquitur* (based on spoliation). The trial court dismissed, with leave to

amend, the spoliation counts as time-barred with respect to Rockford. Subsequently, as to plaintiffs' second amended complaint, it dismissed, with prejudice, the spoliation and *res ipsa loquitur* counts as time-barred with respect to Rockford, TDE, Erickson, and SCCI. It also dismissed the conversion and conspiracy counts for failure to state a claim. The court denied plaintiffs' motion to reconsider and, pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010), found that there was no just reason to delay enforcement or appeal of the orders dismissing the spoliation counts. Plaintiffs appeal, arguing that the trial court erred in dismissing their: (1) spoliation counts (with prejudice) as time-barred; and (2) conversion and conspiracy counts for failure to state a claim. We affirm, concluding that: (1) the spoliation counts were properly dismissed as time-barred; (2) alternatively, the spoliation counts were properly dismissed for failure to state a claim; and (3) we lack jurisdiction to review the dismissal of the remaining counts, because, even if the orders dismissing them were all final orders, they were not the subject of the trial court's Rule 304(a) finding and, therefore, are not appealable.

¶ 2                                    I. BACKGROUND

¶ 3      On January 5, 2011, plaintiffs filed a two-count complaint against Tracy, seeking to recover damages for bodily injuries they sustained while escaping from an October 9, 2010, fire at a house they rented from Tracy at 460 Pennsylvania Avenue in Aurora. They alleged that the fire was caused by faulty wiring and that Tracy had notice of the electrical problems, was negligent in failing to repair the wiring, and created a fire hazard by failing to provide a safe and adequate fire exit. Tracy denied the allegations.

¶ 4      In a January 22, 2011, order, the trial court allowed plaintiffs' counsel reasonable access to inspect and photograph, but not alter, the premises. In February 2011, plaintiff Seay (presumably, because the order is drafted using the masculine pronoun) accessed the premises

with "his" fire and electrical experts and directed the preservation of two electrical receptacles. On March 2, 2011, plaintiffs and Tracy entered into an agreed order to preserve the premises and any items or artifacts taken from the premises. The order remained in effect until the trial court lifted it on November 16, 2011.

¶ 5    On March 29, 2011, Tracy filed for Chapter 7 bankruptcy. A June 16, 2011, bankruptcy court order provided that Tracy's liability was limited to the proceeds of his policy with Rockford. On July 25, 2011, Tracy was discharged from bankruptcy.

¶ 6                    A. Plaintiffs' First Amended Complaint

¶ 7    On July 25, 2013, plaintiffs filed their 18-count first amended complaint against Tracy and the other defendants, based on alleged post-fire conduct. In counts I and II, plaintiffs realleged negligence against Tracy. In counts III through VI, they alleged negligent and intentional spoliation of evidence against Tracy, Rockford, Erickson, and SCCI, respectively. Counts VII through X alleged conversion and counts XI through XIV alleged conspiracy in the same fashion. In count XV, plaintiffs alleged *res ipsa loquitur* against Rockford and Tracy. Finally, in counts XVI through XVIII, they alleged *respondeat superior* against TDE for spoliation, conversion, and conspiracy (based on the conduct of Erickson).

¶ 8    Pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2014)), Rockford moved to dismiss the spoliation and *res ipsa loquitur* counts (IV and XV) as time-barred, because they were not brought within two years of the fire (735 ILCS 5/13-202 (West 2014) (two-year statute of limitations for personal injuries)). It also sought to dismiss all the counts against it under sections 2-603 and 2-615 of the Code (735 ILCS 5/2-603, 2-615 (West 2014) (form of pleadings; motions with respect to pleadings)).

¶ 9     Tracy moved to dismiss the counts against him under section 2-619, based on his bankruptcy discharge.  On January 24, 2014, the trial court granted, with prejudice, Tracy's motion to dismiss, except as to counts I and II.  The court also gave plaintiffs 28 days to file a second amended complaint.

¶ 10    On January 29, 2014, the trial court granted Rockford's motion to dismiss counts IV (spoliation), VIII (conversion), XII (conspiracy), and XV (*res ipsa loquitur*), for failure to set forth sufficiently comprehensible allegations, and it allowed plaintiffs leave to amend to comply with those provisions.  735 ILCS 5/2-603(b), 2-615 (West 2014).  It also granted Rockford's section 2-619(a)(5) motion to dismiss, finding that the spoliation and *res ipsa loquitur* counts, as they pertained to personal injury, were subject to the two-year statute of limitations for personal injuries, rather than the five-year property-damage and catch-all statute of limitations (735 ILCS 5/13-205 (West 2014)), and therefore were time-barred.

¶ 11                    B. Plaintiffs' Second Amended Complaint

¶ 12    On February 27, 2014, plaintiffs filed a 78-page, second amended complaint, raising essentially the same allegations as in their first amended complaint.

¶ 13    In the complaint, plaintiffs alleged that Tracy had failed to repair or improperly repaired the faulty wiring and that, as a result, a fire occurred on October 9, 2010, at 5:15 a.m., on the first floor, spreading throughout the house and causing personal injuries to plaintiffs.  They further alleged that Wofford, who fell from the second story to the ground, was severely burned and suffered lacerations, broken bones, and disfigurement and that Seay suffered from lacerations and permanent disfigurement.

¶ 14    Plaintiffs also alleged that the Aurora fire department determined that the cause of the fire was not arson and that it appeared to be an electrical fire.  They further contended that

defendants had a duty to preserve the fire scene and all other evidence, that this duty arose from the circumstances surrounding the fire that made it foreseeable that a lawsuit might be filed with respect to the incident, that the evidence was material to a potential civil action, and that defendants were the likely responsible parties. According to plaintiffs, defendants had authority to control the scene and investigate the fire and secure evidence; but each defendant, they alleged, gave permission and instruction to destroy the evidence at the scene. (Plaintiffs' complaint raised additional allegations, the details of which we discuss below.)

¶ 15    Tracy filed an answer to counts I and II. As to the remaining counts, Rockford, SCCI, TDE, and Erickson moved to dismiss the spoliation and *res ipsa loquitur* counts under section 2-615(a)(5) and all counts under section 2-615.

¶ 16    On July 1, 2014, pursuant to section 2-619(a)(5), the trial court dismissed with prejudice the spoliation and *res ipsa loquitur* counts as time-barred under the two-year statute of limitations. Pursuant to section 2-615, it dismissed the conversion counts without prejudice and it dismissed the conspiracy counts without specifying whether it was doing so with or without prejudice.

¶ 17    On November 7, 2014, the trial court denied plaintiffs' motion to reconsider, which addressed the dismissal of only the *spoliation* counts. "Plaintiff[s] may not replead spoliation claims." It also found "no just reason for delaying appeal as per" Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

¶ 18                                    II. ANALYSIS

¶ 19    In their notice of appeal, plaintiffs state that, pursuant to Rule 304(a), they appeal to this court from the trial court's orders ruling on their first amended complaint and their second amended complaint (*i.e.*, the orders dated January 29, July 1, and November 7, 2014). They

request that "the Spoliation counts be reversed, [t]hat plaintiff be permitted to prosecute her[1] spoliation claims, and that the matter be returned to the trial court for further proceedings."

¶ 20    In their opening brief, plaintiffs argue that: (1) the limitations period for spoliation claims is five years and, thus, the section 2-619(a)(5) dismissal with prejudice of their spoliation and *res ipsa loquitur* counts was error; and (2) they properly pleaded claims for conversion and conspiracy and, therefore, the section 2-615 dismissal of these claims was error.

¶ 21                           A. Motions Taken with the Case

¶ 22    Preliminarily, we note that we ordered that two motions be taken with this case. In the first motion, TDE and Erickson move to strike the portions of plaintiffs' opening brief that address counts other than spoliation, arguing that this court does not have jurisdiction to review the trial court's dismissal of the counts that were not the subject of the court's Rule 304(a) finding.[2] Plaintiffs have not filed a response to this motion. We agree that we lack jurisdiction to review the rulings on the *res ipsa loquitur*,[3] conversion, and conspiracy counts, because, even if the dismissals of those counts were final orders,[4] they were not subject to the trial court's Rule 304(a) finding and, therefore, are not appealable.

---

[1] Generally, the record is unclear as to how every argument and allegation applies to each plaintiff. Accordingly, for clarity, we refer to plaintiffs collectively.

[2] TDE, Erickson, and SCCI make identical arguments in their joint brief.

[3] Alternatively, to the extent the *res ipsa loquitur* count, which sought damages for the spoliation of evidence, is encompassed by the court's Rule 304(a) finding as to the spoliation counts, our analysis below with respect to spoliation also applies to this count.

[4] The trial court dismissed the conversion counts *without* prejudice. "A dismissal *with* prejudice is usually considered a final judgment, including the dismissal of claims in a complaint

¶ 23    Pursuant to Rule 304(a), "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." *Id.* However, where the trial court's Rule 304(a) finding is made only with respect to the dismissal with prejudice of some counts but not others, the reviewing court lacks jurisdiction over the counts with respect to which the trial court did not issue a Rule 304(a) finding. See *Ransburg v. Haase*, 224 Ill. App. 3d 681, 684 (1992). Accordingly, we grant TDE's and Erickson's motion.

¶ 24    In the second motion, plaintiffs move to strike Rockford's brief, arguing that Rockford failed to timely serve it on plaintiffs and that it filed a false proof of service and false notice of filing. See Ill. S. Ct. R. 12 (eff. Sept. 19, 2014) (proof of service); Ill. S. Ct. R. 137 (eff. July 1, 2013) (signing of pleadings); Ill. S. Ct. R. 373 (eff. Sept. 19, 2014) (date of filing in reviewing court; certificate or affidavit of mailing). Rockford filed an objection. For the following reasons, we deny plaintiffs' motion.

¶ 25    Rockford's appellee's brief was due May 22, 2015, and, on May 20, 2015, it was filed with this court. Plaintiffs contend that they contacted Rockford's counsel, via email, on May 28, 2015, to inform counsel that they had not received its brief or a notice of filing of the brief. A copy of the correspondence reflects that, later on May 28, 2015, Rockford's counsel emailed to plaintiffs' counsel a copy of its brief.[5] Here, Rockford concedes that its notice of filing and

---

\*\*\*." (Emphasis added.) *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). The court did not specify whether its dismissal of the conspiracy counts was with or without prejudice. However, the dismissal of the *res ipsa loquitur* count was with prejudice.

[5] The email correspondence further reflects that Rockford's counsel stated that he believed that the brief was sent on May 21, 2015, but that he could have it emailed to plaintiffs'

proof of service incorrectly reflect that its brief was served on plaintiffs on May 20, 2015. Rockford contends that its error was due to administrative oversight and not to any ill will or malice. Rockford notes that plaintiffs do not dispute that they received the brief or that they were able to timely file their reply brief (which was due and filed on June 5, 2015); thus, they have not shown any prejudice. We agree with Rockford. Because no prejudice has been shown, the motion is denied.

¶ 26                        B. Standard of Review

¶ 27     A motion to dismiss pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)) tests the legal sufficiency of the complaint, whereas a motion to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)) admits the legal sufficiency of the complaint but asserts an affirmative defense that defeats the claim. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). In considering a motion to dismiss pursuant to either section 2-615 or section 2-619, we accept all well-pleaded facts in the complaint as true, drawing all reasonable inferences from those facts in favor of the nonmoving party. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009). When reviewing a decision to grant a motion pursuant to section 2-615, our inquiry is whether the allegations of the complaint, construed in the light most favorable to the nonmoving party, are sufficient to establish a cause of action upon which relief may be granted. *Weidner v. Karlin*, 402 Ill. App. 3d 1084, 1086 (2010). Under section 2-619(a)(9), our inquiry is whether affirmative matter, *i.e.*, "some kind of defense 'other than a negation of the essential allegations of the plaintiff's cause of action,' " defeats the claim. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120-21 (2008) (quoting

_____

counsel if counsel did not receive it. When plaintiffs' counsel replied that he did not receive the brief, Rockford, on May 28, 2015, at 3:49 p.m., sent a response email containing the brief.

*Kedzie & 103rd Currency Exchange, Inc. v. Hodg*e, 156 Ill. 2d 112, 115 (1993)).  Our review under either section 2-615 or section 2-619(a)(9) is *de novo* (*King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005)), and we may affirm a dismissal under either section on any basis in the record regardless of the basis relied upon by the trial court (*Geick v. Kay*, 236 Ill. App. 3d 868, 873 (1992)).

¶ 28                                    C. Spoliation–Statute of Limitations

¶ 29    Plaintiffs argue that the trial court erred in dismissing as time-barred their spoliation counts.  For the following reasons, we find their arguments unavailing.

¶ 30    In *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188 (1995), the supreme court declined to recognize spoliation of evidence as an *independent* tort.  *Id.* at 192-93.  Instead, the court held that a spoliation claim can be stated under existing negligence principles.[6] *Id.* at 193-94 ("traditional remedies adequately address the problem" of destruction of evidence); see also *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶ 26 ("spoliation of evidence is a form of negligence").  A plaintiff claiming spoliation of evidence must prove that: (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages.  *Dardeen v. Kuehling*, 213 Ill. 2d 329, 336 (2004).  Here, plaintiffs alleged in

---

[6] A party may alternatively seek discovery sanctions against a potential litigant (but not a third party).  Ill. S. Ct. R. 219(c) (eff. July 1, 2002).  This form of relief requires conduct that reflects "deliberate, contumacious or unwarranted disregard of the court's authority" and should be employed only "as a last resort and after all the court's other enforcement powers have failed to advance the litigation."  *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123 (1998).

their spoliation counts that, as a proximate result of defendants' destruction of evidence, they were prejudiced in that they "lost the opportunity to examine evidence from the fire scene to determine the cause, origin, and spread of the fire in order to successfully bring a *personal injury lawsuit* against [d]efendants." (Emphasis added.) They do not allege damages as to their ability to bring conversion or conspiracy claims, nor do the conversion or conspiracy allegations raise spoliation.

¶ 31     Plaintiffs argue that the five-year limitations period in section 13-205 of the Code applies. They contend that, pursuant to section 13-205, a claim of destruction of a plaintiff's personal property (and those claims not specifically provided for) must be filed within five years, which they claim they did. Section 13-205 provides:

> "[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2014).

Plaintiffs urge that the two-year limitations period for personal injuries in section 13-202 of the Code, which the trial court found appropriate, does not apply.[7] Plaintiffs contend that their

---

[7] The fire, plaintiffs' injuries, and the demolition of the property occurred on October 9, 2010, and soon thereafter. Thus, if the two-year limitations period applies, plaintiffs had to file a claim by about October 9, 2012. Plaintiffs filed their first complaint directed against the defendants at issue here on July 25, 2013, which was within the five-year property-damage and catch-all statute, but not within the personal-injury statute.

approach is correct because a spoliation action arises not from personal injuries, but from the destruction of property. We disagree.

¶ 32    In *Babich v. River Oaks Toyota*, 377 Ill. App. 3d 425 (2007), the plaintiff filed product-liability and negligent-spoliation claims against the defendants. The First District held that the expiration of the limitations period for the plaintiff's product-liability action precluded him from prosecuting his negligent-spoliation action. *Id.* at 431. Noting that negligent spoliation is not an independent cause of action, the court stated that it is "a derivative action that arises out of other causes of action, including a negligence cause of action." *Id.* The court determined that because the case was a product-liability case and because spoliation is a derivative cause of action, "the same procedural and substantive rules that apply to this products action apply to this spoliation action." *Id.* at 432. Thus, it reasoned, once the product-liability limitations period expired, the plaintiff could not proceed with the spoliation action, because it "has the same limitations period"; and, once the product-liability action expired, "there was no pending products liability action in which the" evidence could be introduced. *Id.* Once the primary action's limitations period expired, the court concluded, the negligent-spoliation action "expired with it." *Id.*

¶ 33    However, in *Schusse v. Pace Suburban Bus Division of the Regional Transportation Authority*, 334 Ill. App. 3d 960 (2002), the First District stated that, because the limitations period for the commencement of a negligent-spoliation claim "is not otherwise provided for by statute," it is governed by the five-year period in section 13-205. *Id.* at 970 (further holding that the cause of action accrues on the date that the evidence is destroyed). *Schusse* cited *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939 (1998), another First District case that held that the limitations period for a negligent-spoliation claim is five years under section 13-205 because it is not otherwise provided for by statute. *Id.* at 951. In *Cammon*, the plaintiff

had argued that, in assessing a suit against a hospital, alleging wrongful death and spoliation, the trial court erred in applying the repose period in section 13-212(a) of the Code. 735 ILCS 5/13-212(a) (West 1996) (containing a two-year limitations period and four-year repose period for actions seeking damages for injuries arising out of patient care). The *Cammon* court agreed, noting that the damages suffered by the plaintiff in the spoliation action arose from the defendant's destruction of evidence and not the breach of any medical standard of patient care. *Cammon*, 301 Ill. App. 3d at 950-51; see also *Brucker v. Mercola*, 227 Ill. 2d 502, 521 (2007). The *Cammon* court concluded that section 13-212(a) did not apply. *Cammon*, 301 Ill. App. 3d at 951.

¶ 34    Here, plaintiffs argue that this court should follow *Cammon*, which, they further argue, was endorsed by the supreme court in *Brucker*. This is incorrect. *Brucker* agreed with *Cammon*'s conclusion that the destruction of evidence did not arise out of patient care and that the plaintiff's injury was the damage to her ability to bring her suit. *Brucker*, 227 Ill. 2d at 521. *Brucker* did not reach or endorse *Cammon*'s holding that the statute of respose did not apply to a spoliation claim. We also reject plaintiffs' argument that, because their spoliation counts seek recovery of damages for destruction of their personal property, the personal-injury limitations statute, section 13-202, which does not encompass claims for personal property, does not apply. Plaintiffs' underlying negligence claims are the proper focus and, in those counts, plaintiffs seek recovery only for personal injuries.

¶ 35    We follow *Babich*. We conclude that, because spoliation is a derivative cause of action, the limitations period of the underlying negligence action—section 13-202—applies. *Cammon* is distinguishable to the extent that it attempts to reconcile a statute of repose, which is not at issue

here, with a spoliation claim and is otherwise incorrect for failing to account for the fact that spoliation claims are not independent claims.[8]

¶ 36    Accordingly, the trial court did not err in dismissing plaintiffs' spoliation claims as time-barred.

¶ 37                              D. Spoliation–Sufficiency of the Pleadings

¶ 38    Although the trial court did not dismiss plaintiffs' spoliation counts pursuant to section 2-615, we may affirm on any basis supported by the record. *Geick*, 236 Ill. App. 3d at 873. For the reasons that follow, we alternatively find that dismissal pursuant to section 2-615 was warranted, based on plaintiffs' failure to sufficiently plead a duty to preserve evidence.

¶ 39    Again, a plaintiff claiming spoliation of evidence must prove that: (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages. *Dardeen*, 213 Ill. 2d at 336.

¶ 40    Initially, we note that plaintiffs' underlying negligence counts (the only counts to which the spoliation counts are directed) allege only *personal* injuries. Plaintiffs did not include a count for personal property. Thus, to the extent that plaintiffs intended to pursue such a claim, we find that it is not encompassed by their allegations.

---

[8] We further note that we do not disagree with *Schusse*'s statement that the discovery rule applies to determine the commencement of the limitations period. *Schusse*, 334 Ill. App. 3d at 970 (noting that the rule postpones the commencement of the limitations period until the plaintiff knows or should have known of his or her injury).

¶ 41    Furthermore, we conclude that plaintiffs cannot pursue a separate claim asserting *intentional* spoliation of evidence. As the trial court noted, Illinois courts have not adopted a separate cause of action for intentional spoliation of evidence. In *Boyd*, the supreme court noted that the plaintiffs in that case had asked the court to recognize the tort. *Boyd*, 166 Ill. 2d at 201. The court did not reach the issue, but decided that, even if it were to recognize the tort, the complaint failed to state such a cause of action. *Id.* We also note that it is the province of our supreme court and/or the General Assembly, not the appellate court, to create new causes of action. *Emery v. Northeast Illinois Regional Commuter R.R. Corp.*, 377 Ill. App. 3d 1013, 1029 (2007). Finally, a party may obtain relief for intentional conduct by a potential litigant (but not a third party) via sanctions under Rule 219(c). *Adams v. Bath & Body Works, Inc.*, 358 Ill. App. 3d 387, 393-94 (2005) (noting the different levels of culpability under Rule 219(c) versus a claim for negligent spoliation of evidence).

¶ 42    Turning to the duty element, which is the central issue here, there is generally:

> "no duty to preserve evidence; however, a duty to preserve evidence may arise through an agreement, a contract, a statute [citation] or another special circumstance. Moreover, a defendant may voluntarily assume a duty by affirmative conduct. [Citation.] In any of the foregoing instances, a defendant owes a duty of due care to preserve evidence if a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Boyd*, 166 Ill. 2d at 195.

Thus, there is a two-prong test for assessing whether there was a duty to preserve evidence: (1) first, a court must determine whether a duty arose by agreement, contract, statute, special circumstance, or voluntary undertaking (relationship prong); and (2) if so, it must then determine whether that duty extended to the evidence at issue—*i.e.*, whether a reasonable person "should

have foreseen that the evidence was material to a potential civil action" (*id.*) (foreseeability prong). *Id.* Where a plaintiff does not satisfy both prongs, there was no duty to preserve evidence. *Dardeen*, 213 Ill. 2d at 336. For the following reasons, we conclude that the first prong is not met here.

¶ 43 Here, plaintiffs pleaded that: after the fire (which they alleged was due not to arson but to electrical issues, with the fire department and Rockford determining that the living room was the fire's likely point of origin), Tracy and Rockford did not notify them that the house would be demolished, give them the opportunity to personally examine the fire scene, or ask for their permission to destroy their property or the fire scene; the house and its contents were crucial evidence to determining the cause of the fire and liability for damages; lawsuits are common after fires with serious injuries or damages; and Tracy, Rockford, and their agents and employees intentionally gutted and disposed of the house and contents. Plaintiffs further alleged that: when the evidence was destroyed, defendants knew that there had been numerous electrical problems at the house prior to the fire; the fire caused personal injuries to plaintiffs; and defendants conducted an investigation after the fire to determine Tracy's liability. Defendants, they pleaded, preserved the fire scene (after they took possession on October 10, 2010, from the fire department) by boarding up, locking, and surrounding in caution tape the property, "for investigation by qualified experts from Rockford." These affirmative acts (segregating and investigating the fire scene, preserving evidence, and assuming control of the evidence), created a duty to preserve the fire scene and all other evidence. Plaintiffs also alleged that the insurance contract and industry standards required the preservation of the evidence.

¶ 44 (i) *No Duty by Virtue of Agreement, Contract, or Statute*

¶ 45    We first conclude that plaintiffs' complaint contains insufficient allegations that there was an agreement, contract, or statute that required defendants to preserve the evidence at the subject property.  In *Dardeen*, the supreme court held that an insurance contract between a defendant and its insurer and to which the plaintiff is not privy does not provide the basis for arguing that there is a contractually created duty from the insurer to the plaintiff.  *Id.* at 337.  The agreement or contract must be between the parties to the spoliation claim.  *Id.* at 336-37; see also *Combs v. Schmidt*, 2012 IL App (2d) 110517, ¶ 17 (lease did not impose a duty, because the insurer was not a party to it and it gave the owners only the right, not the duty, to enter the premises).  The only contract to which plaintiffs refer is the insurance contract between Tracy and Rockford.  Plaintiffs' allegations are insufficient because plaintiffs are not party to this contract.

¶ 46    Having determined that plaintiffs did not adequately plead a contractually imposed duty, we assess next whether they sufficiently pleaded that a duty arose by special circumstances and/or that defendants voluntarily undertook such a duty.

¶ 47                              (ii) *No Special Circumstances*

¶ 48    For a special circumstance to impose a duty to preserve evidence, "something more than possession and control are required, such as a request by the plaintiff to preserve the evidence and/or the defendant's segregation of the evidence for the plaintiff's benefit."  *Martin*, 2012 IL 113270, ¶ 45; see *Dardeen*, 213 Ill. 2d at 338 (upholding summary judgment for defendant insurer and holding that insurer did not owe plaintiff newspaper carrier a duty pursuant to a special circumstance to preserve the sidewalk where the plaintiff had fallen; the plaintiff never contacted the insurer or the homeowner to ask them to preserve evidence, never visited the site after he was injured, and never requested that the insurer preserve the sidewalk or document its

condition; the insurer's act of answering affirmatively that the owner could remove the raised sidewalk bricks did not show that it had possession or control over the sidewalk); *cf. Andersen v. Mack Trucks, Inc.*, 341 Ill. App. 3d 212, 217 (2003) (declining "to hold that a mere request to preserve evidence is sufficient to impose a duty absent some further special relationship").

¶ 49    We find *Combs*, 2012 IL App (2d) 110517, instructive.    There, the plaintiff, as representative of the estates of several tenants, sued the landlords and their insurer after the tenants died in a house fire.   The plaintiff asserted spoliation of evidence after the post-fire demolition of the remainder of the house.   The trial court granted the defendants summary judgment, and this court reversed and remanded, holding that factual issues concerning the duty to preserve evidence precluded summary judgment for the defendants.   *Id.* ¶ 36.   There was testimony that the family experienced electrical problems at the property and that the landlords were notified of the problems but never sent an electrician to repair the system.   A fire department investigator testified that the home's wiring was a potential cause of the fire.   The insurer conducted its own investigation, and the landlords executed a document (the consent agreement) allowing the insurer to enter the property and remove evidence (some wiring and smoke alarms were preserved).   It concluded that an electrical problem was the most probable cause of the fire and that the landlords were not liable.   Two months after the fire, pursuant to a city order, the insurer had the home demolished.   *Id.* ¶ 32.

¶ 50    Acknowledging that the case law was not well developed (*id.* ¶ 20), we addressed three factors that determine whether a "special circumstance" sets forth a duty.   See *Dardeen*, 213 Ill. 2d at 338.   First, we considered whether there was a request to preserve evidence.   As to the insurer, we noted that a fire department investigator told the insurer that the house's wiring was a potential cause of the fire.   We held that this evidence was somewhat equivocal but, nevertheless,

precluded summary judgment. *Combs*, 2012 IL App (2d) 110517, ¶ 24. We clarified that, although a mere request for evidence does not impose a duty to preserve, in *Combs* there was the "functional equivalent of a request *sufficient to put [the] defendants on notice that they were potential litigants*." (Emphasis in original.) *Id.* ¶ 25. Second, we assessed whether the plaintiff had an adequate opportunity to inspect and document the evidence or that the evidence was otherwise sufficiently documented. We held that there was a factual question precluding summary judgment on this issue because: (1) the house stood for less than two months after the fire and the plaintiff did not have notice of its impending demolition; and (2) the record did not reflect that the home's condition was sufficiently documented. *Id.* ¶ 27. Third, we assessed whether the defendants were in possession and control of the evidence and we held that this factor weighed in the plaintiff's favor. *Id.* ¶ 28. However, although there was evidence that the defendants possessed or controlled the premises, there was no evidence that they did anything to segregate the fire scene; that is, they did not isolate the scene, such as by "fencing it off or posting a guard." *Id.* ¶ 30. Segregation, we noted, requires an "affirmative act to separate the evidence from the rest of the world." *Id.*

¶ 51 Here, we hold that plaintiffs did not sufficiently plead the special-circumstances exception to the general no-duty rule. As to the first factor—a request to preserve evidence— plaintiffs here (and in contrast to *Combs*) did not allege that they actually or functionally (via their complaints about electrical issues) requested that the defendants in this appeal preserve the evidence. Plaintiffs pleaded that they mentioned electrical problems to Tracy, who is not a party to this appeal, but not to the other defendants, who *are* parties to this appeal. In their complaint, plaintiffs alleged that "[d]efendants had knowledge at the time the evidence was destroyed that there had been numerous electrical problems, complaints[,] and issues[ ] prior to the fire." These

allegations are conclusory and not sufficiently specific as to Rockford, TDE, SCCI, and Erickson. They fail to specify how, when, to whom, and to what degree these defendants came to learn of plaintiffs' alleged complaints of electrical problems at the subject property.

¶ 52    The second *Combs* factor—whether plaintiffs had an adequate opportunity to inspect and document the evidence or that it was otherwise sufficiently documented—is not sufficiently pleaded, assuming that it remains a consideration under the special-circumstances exception.[9] There are no allegations that plaintiffs requested to examine the fire scene or that plaintiffs did not have the opportunity to inspect or document the evidence prior to defendants' authorization of its destruction.[10] Plaintiffs allege only that defendants authorized the destruction of the fire scene evidence and *then* implemented it without notifying plaintiffs and without giving them the opportunity to personally examine the fire scene.[11] Furthermore, they do not allege that the scene was not otherwise sufficiently documented.

¶ 53    The third factor the *Combs* court found significant—whether defendants were in possession and control of the evidence—does not aid plaintiffs' case, because the act of segregation must be "for the plaintiff's benefit." *Dardeen*, 213 Ill. 2d at 338. Further, the

---

[9] In *Martin*, which was issued after *Combs*, the supreme court appeared to place no weight on whether the plaintiff had an adequate opportunity to inspect or document the evidence in question, where it was destroyed one day after the accident and where the defendant had possession and control of the evidence. *Martin*, 2012 IL 113270, ¶ 46.

[10] Although outside the complaint, as noted, it appears that, in February 2011, Seay did access the premises with his experts.

[11] In their reply brief, plaintiffs state, without citation to the record, that defendants obtained Seay's permission to destroy the evidence, but not Wofford's.

*Combs* court rejected the suggestion that it "equate having control over something with segregating it, as segregation requires some affirmative act to separate the evidence from the rest of the world." *Combs*, 2012 IL App (2d) 110517, ¶ 30. We suggested that fencing off a scene or posting a guard would serve such a purpose. In that case, the insurer conducted an investigation and removed a section of wiring and smoke alarms; neither the insurer nor the property owners segregated the fire scene. We held that this factor weighed in the defendants' favor because they did nothing to isolate the scene or separate it from its surroundings. *Id.* We did not need to reach the issue of whether the segregation was for the plaintiff's benefit. Here, this factor is not adequately pleaded. Plaintiffs alleged that defendants preserved the scene "by segregating the entire property, boarding-up and maintaining [the] boarded-up and locked and secure condition, excluding all others, [and] treating it as critical evidence to their fire investigation" and then caused the destruction of certain evidence, including electrical wires, the fuse box, and outlets. These allegations do not reflect that defendants' segregation of the scene was for any purpose other than their fire investigation (including, presumably, to fence off the scene for safety purposes). That is, they do not reflect that it was also for *plaintiffs'* benefit. Plaintiffs further alleged (with respect to each defendant in this appeal) that, during his October 11, 2010, inspection of the fire scene, Erickson "did not ultimately preserve or retain any of the fuses, fuse box, wiring or appliances *or any item from the fire scene*." (Emphasis added.) Also, they alleged that Rockford adjuster Slouka "concluded that he on behalf of Rockford [ ] *wanted no evidence to be preserved*." (Emphasis added.) Thus, pursuant to plaintiffs' own allegations, although defendants segregated the fire scene, they did not do so to preserve any specific items for further investigation or for plaintiffs' benefit.

¶ 54    For these reasons, plaintiffs failed to adequately plead a duty to preserve the evidence based on a special circumstance.

¶ 55                    (iii) *No Voluntary Undertaking*

¶ 56    We turn next to whether plaintiffs sufficiently alleged a voluntary undertaking. For the following reasons, we conclude that they did not.

¶ 57    In *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 374 Ill. App. 3d 918 (2007), the court held that the insurer voluntarily assumed a duty to preserve evidence, where it instructed its insured (*i.e.*, engaged in affirmative conduct) to keep the evidence in question for the insurer's benefit; thus, it had a duty to exercise due care to preserve that evidence for the benefit of any other potential litigants. *Id.* at 927-28; *cf. Martin*, 2012 IL 113270, ¶¶ 31, 36, 45 (holding that there was no voluntary undertaking, where the defendant general contractor never moved the subject I-beam from where it fell or performed any testing on it, where it merely visually inspected it, and where it allowed government investigators to inspect it and the accident site; thus, no *affirmative conduct* shown of intent to voluntarily undertake any duty to the plaintiffs to preserve the item as evidence); *Combs*, 2012 IL App (2d) 110517, ¶¶ 34-35 (no voluntary undertaking, where there were no affirmative acts by the defendants to preserve the fire scene in its entirety; the mere facts that the insurer preserved a few items and conducted an investigation did not impose upon it a duty to the plaintiff to preserve the entire scene; a party must actually preserve the evidence in question).

¶ 58    We conclude that plaintiffs failed to sufficiently plead a voluntary undertaking by defendants. The *Combs* court emphasized that mere possession did not constitute a voluntary undertaking to preserve something. *Id.* ¶ 33 (passively allowing house to stand until it was demolished did not constitute preservation or control). Also, we held that the fact that the insurer

conducted an investigation did not trigger a duty to preserve the fire scene. *Id.* ¶ 35. We emphasized that the defendant must actually preserve the evidence in question, not merely conduct an investigation. *Id.* Here, again, plaintiffs pleaded (with respect to each defendant in this appeal) that, during his October 11, 2010, inspection of the fire scene, Erickson "did not ultimately preserve or retain any of the fuses, fuse box, wiring or appliances *or any item from the fire scene*." (Emphasis added.) Also, Slouka "concluded that he on behalf of Rockford [ ] *wanted no evidence to be preserved*." (Emphasis added.) These pleadings do not allege any affirmative action on defendants' part evincing a voluntary undertaking to preserve evidence. If anything, they reflect that defendants passively possessed the subject property, conducted their investigation without preserving any particular evidence, and then had the property demolished. The pleadings reflect no voluntary undertaking.

¶ 59 In summary, as we can affirm on any basis in the record, we conclude that plaintiffs' spoliation claims could have properly been dismissed pursuant to section 2-615.

¶ 60                                   III. CONCLUSION

¶ 61 For the reasons stated, the judgment of the circuit court of Kane County is affirmed.

¶ 62 Affirmed.