# Illinois Official Reports

## Appellate Court

---

### *Skridla v. General Motors Co.*, 2015 IL App (2d) 141168

---

| | |
|---|---|
| Appellate Court Caption | NICHOLAS A. SKRIDLA, Individually and as Administrator of the Estate and as Personal Representative of Margaret E. Skridla, Deceased, and as Father and Next Friend of Maxamillian J.A. Skridla, a Minor, Plaintiff-Appellant, v. GENERAL MOTORS COMPANY, f/k/a General Motors Corporation, GENERAL MOTORS CORPORATION, GENERAL MOTORS, LLC, and DANA J. FANARA, Defendants (Auto Owners Insurance Company, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-14-1168 |
| Filed | December 28, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 10-L-364; the Hon. Eugene G. Doherty, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | William T. Cacciatore and Eileen J. McCabe, both of Cacciatore Law Offices, of Rockford, for appellant.<br><br>Richard M. Waris, Donald P. Eckler, and Brendan J. Nelligan, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellee. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
           Justices Zenoff and Jorgensen concurred in the judgment and opinion.


**OPINION**


¶ 1        On February 19, 2014, plaintiff, Nicholas A. Skridla, filed a 42-count fourth amended complaint for damages arising from an automobile accident involving his wife and son, Margaret E. Skridla and Maxamillian J.A. Skridla, on December 3, 2009. Only plaintiff's claims of spoliation of evidence against defendant Auto Owners Insurance Company (Auto Owners) (counts XXXVII through XLII) are the subject of this appeal. The claims against Auto Owners were added in the fourth amended complaint, when Auto Owners was joined as a defendant. The other counts of this product-liability and personal-injury action remain pending in the trial court.

¶ 2        Plaintiff contends that the trial court erred in dismissing the spoliation counts with prejudice pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)) on the ground that plaintiff did not plead sufficient facts to establish that Auto Owners owed plaintiff a duty to preserve the evidence at issue.

¶ 3        Auto Owners argues that the dismissal was proper under section 2-615 and also maintains that the spoliation counts should have been dismissed pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)) for the additional reason that they were untimely, as Auto Owners argued in its combined section 2-619.1 motion (735 ILCS 5/2-619.1 (West 2010)) in the trial court. Plaintiff argues the statute of limitations issue on appeal. We agree with Auto Owners that the spoliation counts were statutorily time-barred. Because we affirm the dismissal of counts XXXVII through XLII on this basis, we do not reach the merits of plaintiff's section 2-615 arguments.


¶ 4                                  I. BACKGROUND

¶ 5        According to plaintiff's fourth amended complaint, Margaret and Maxamillian were injured on December 3, 2009, when their stopped vehicle was rear-ended by an automobile driven by defendant Dana Fanara. Margaret's injuries led to her death on January 24, 2012; Maxamillian survived.

¶ 6        On February 9, 2014, plaintiff filed his fourth amended complaint, adding Auto Owners, Fanara's automobile liability insurance carrier, as a defendant. Plaintiff alleged that Auto Owners undertook an investigation of Fanara's vehicle, inspecting all damage to the vehicle, and, after completing its investigation, sold the vehicle for salvage. In so doing, plaintiff alleged, Auto Owners failed to download the vehicle's sensory diagnostic module and also deprived plaintiff of any opportunity to download it, thereby destroying evidence as to Fanara's speed and braking prior to rear-ending the vehicle occupied by Margaret and Maxamillian. Although plaintiff's complaint does not allege when the spoliation occurred, an

exhibit attached to plaintiff's response to Auto Owners' motion to dismiss the spoliation counts indicates that Fanara's vehicle was sold to the salvage company on January 21, 2010.

¶ 7    Plaintiff's spoliation claims were predicated upon wrongful death on behalf of Margaret (count XXXVII), survival on behalf of Margaret (count XXXVIII), personal injury on behalf of Maxamillian (count XXXIX), loss of consortium on behalf of plaintiff (count XL), family expenses on behalf of Margaret for her personal injuries (count XLI), and family expenses on behalf of Maxamillian for his personal injuries (count XLII).

¶ 8                                    II. ANALYSIS

¶ 9    A motion to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)) admits the legal sufficiency of the claim but asserts an affirmative defense that defeats the claim. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). We review *de novo* the disposition of a motion to dismiss based on a statute of limitations. *In re Marriage of Morreale*, 351 Ill. App. 3d 238, 240 (2004). On review, we may consider admissions in the record and exhibits that are attached to the pleadings (*Pearson v. Lake Forest Country Day School*, 262 Ill. App. 3d 228, 231 (1994)), and we can sustain a dismissal on any basis found in the record. *Mio v. Alberto-Culver Co.*, 306 Ill. App. 3d 822, 825 (1999). In addition, the application of a statute of limitations to a cause of action presents a legal question, which is also reviewed *de novo*. *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008).

¶ 10    There is conflicting opinion in the Illinois Appellate Court as to the appropriate statute of limitations for a cause of action for spoliation of evidence. In *Babich v. River Oaks Toyota*, 377 Ill. App. 3d 425 (2007), the plaintiff filed product-liability and negligent-spoliation claims against the defendants. The First District held that the expiration of the limitations period for the plaintiff's product-liability action precluded him from prosecuting his negligent-spoliation action. *Id.* at 431. The court noted: "[i]t is well settled that Illinois courts do not recognize negligent spoliation of evidence as an independent cause of action." *Id.* (citing *Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 192-93 (1995)). Rather, negligent spoliation is "a derivative action that arises out of other causes of action, including a negligence cause of action." *Id.* Therefore, the same statute of limitations applies to a negligent-spoliation action as applies to the underlying cause of action. *Id.*

¶ 11    However, in *Schusse v. Pace Suburban Bus Division of the Regional Transportation Authority*, 334 Ill. App. 3d 960 (2002), the First District stated that, because the limitations period for the commencement of a negligent-spoliation claim "is not otherwise provided for by statute" (*id.* at 970), it is governed by the five-year period in section 13-205 of the Code (735 ILCS 5/13-205 (West 1994)), which applies to "civil actions not otherwise provided for." *Schusse*, 334 Ill. App. 3d at 970 (further holding that the cause of action accrues on the date that the evidence is destroyed). *Schusse* cited *Cammon v. West Suburban Hospital Medical Center*, 301 Ill. App. 3d 939 (1998), another First District case that held that the limitations period for a negligent-spoliation claim is the five years set forth in section 13-205. *Id.* at 951.

¶ 12    This court recently determined that *Babich* presents the better view. See *Wofford v. Tracy*, 2015 IL App (2d) 141220, ¶¶ 30-35 (holding that the limitations period of the underlying action applies because spoliation is a derivative cause of action). In *Wofford*, following a house fire, the plaintiffs brought an action against the defendants for negligence,

spoliation, conspiracy, conversion, and *res ipsa loquitur*. In their spoliation counts, the plaintiffs alleged that, as a proximate result of the defendants' destruction of evidence, they were prejudiced in that they " 'lost the opportunity to examine evidence from the fire scene to determine the cause, origin, and spread of the fire in order to successfully bring a personal injury lawsuit against [d]efendants.' " (Emphasis omitted.) *Id.* ¶ 30. The trial court dismissed the spoliation claims with prejudice as time-barred.

¶ 13    On appeal, the plaintiffs argued that the five-year limitations period in section 13-205 of the Code applied. Section 13-205 provides:

"[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (West 2014).

The plaintiffs contended that section 13-205 should apply because a spoliation action does not arise from personal injuries, but from destruction of property. This court disagreed, finding that the plaintiffs' spoliation claims sought recovery only for personal injuries. Although to establish spoliation of evidence the spoliation claims alleged the destruction of property, the claims did not seek recovery for the destruction of property. Rather, the plaintiffs sought to establish that the destruction of property entitled them to damages for personal injuries. *Wofford*, 2015 IL App (2d) 141220, ¶ 30. We found the proper focus to be the plaintiffs' underlying negligence claims and the recovery sought in those counts. *Id.* ¶ 34.

¶ 14    Following *Babich*, we held that, "because spoliation is a derivative cause of action, the limitations period of the underlying action–section 13-202 [(735 ILCS 5/13-202 (West 2014))]–applies." *Id.* ¶ 35 (noting that this conclusion accounts for the fact that spoliation claims are not independent torts). We further noted our agreement with *Schusse*'s statement that the discovery rule applies to determine the commencement of the limitations period. *Id.* ¶ 35 n.8 (citing *Schusse*, 334 Ill. App. 3d at 970).

¶ 15    In *Wofford*, the fire, the plaintiffs' injuries, and the destruction of the property occurred on October 9, 2010, and soon thereafter. Thus, in order to comply with the two-year statute of limitations, the plaintiffs had to file their claims by about October 9, 2012. The plaintiffs filed their first complaint directed against the defendants on July 25, 2013, which was within the five-year property and catch-all statute, but not within the personal-injury statute. See *id.* ¶ 31 n.7.

¶ 16    In this case, plaintiff's spoliation-of-evidence counts, with the exception of his wrongful-death spoliation count, all arise from underlying actions for personal injuries to another–survival, personal injury to Maxamillian, loss of consortium, and family expenses due to injuries to Margaret and Maxamillian. Because these claims are actions "deriving from injury to the person of another," they are subject to commencement "within the same period of time as actions for damages for injury to such other person." 735 ILCS 5/13-203 (West 2010). Thus, the two-year limitations period of section 13-202 applies to these personal injury actions. The two-year limitations period of section 2 of the Wrongful Death Act (740 ILCS 180/2 (West 2010)) applies to the wrongful-death claim. Pursuant to *Wofford*, the two-year limitations periods of the underlying actions–sections 13-202 and 2–also apply to plaintiff's derivative spoliation actions. *Wofford*, 2015 IL App (2d) 141220, ¶ 35.

¶ 17    Plaintiff's personal-injury claims accrued on the date of the accident, December 3, 2009; his wrongful-death claim accrued at the time of Margaret's death, January 12, 2012. Notably, however, a wrongful-death claim, like a spoliation claim, is derivative: "derivative of the action [the] decedent had in his lifetime." *Limer v. Lyman*, 220 Ill. App. 3d 1036, 1043 (1991). Thus, the limitations period for a wrongful-death claim begins to run at the time of the death, but "only if the deceased had a claim that was not time barred on or before his death." *Wolfe v. Westlake Community Hospital*, 173 Ill. App. 3d 608, 612 (1988). Put another way, as long as "the decedent's claim was not time barred at the time of his death, the wrongful death statute provides the claimant with a two year statute of limitations which begins running from the time of death." *Id.* The limitations period for a spoliation claim would seem to work similarly: as long as the underlying claim was not time-barred at the time of the destruction of the evidence, the limitations period for the spoliation claim begins running from that time. Here, by plaintiff's own admission, Fanara's vehicle was sold for salvage on January 21, 2010. Plaintiff does not argue that he discovered the destruction on any other date. Thus, plaintiff had two years from January 21, 2010, or until January 21, 2012, to file his spoliation claims. Those claims were not filed until February 9, 2014. Even if he had two years from Margaret's death, or until January 12, 2014, to file his spoliation claim arising from his wrongful-death claim, the claim was untimely.

¶ 18    Plaintiff raises a concern, shared by the trial court, that unfairness to a plaintiff could result if the limitations period for a spoliation claim begins to run on the same day as the limitations period for the underlying claim. We have alleviated this concern by suggesting that the limitations period for a spoliation claim begins to run not on the same day as that for the underlying claim, but on the day of the destruction of the evidence (or the day that the plaintiff discovers it), provided that the underlying claim itself was not time-barred on that day. We need not so hold definitively, however. Here, the destruction of Fanara's vehicle occurred only seven weeks after the accident. Thus, even if the limitations period for plaintiff's spoliation claims began to run on the day of the accident, plaintiff still had nearly two full years to file those claims. No unfairness resulted.

¶ 19                                   III. CONCLUSION

¶ 20    For the reasons stated, the judgment of the circuit court of Winnebago County is affirmed.

¶ 21    Affirmed.